Vanessa R. Waldref
United States Attorney
Eastern District of Washington
George J.C. Jacobs III
Dominique Juliet Park
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2021

SEAN F. MCAVOY, CLERK

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

               Plaintiff,

v.

ALI ABED YASER
(a/k/a "Abu Hasanain"),
HUSSEIN A. YASIR
(a/k/a "Abu Fakhri"),
INSAF A. KARAWI,
HASANEIN A. YASER,
AHMAD K. BACHAY
(a/k/a "Muthalath," "Humayad"),
MASHAEL A. BACHAY,
MOHAMMAD BAJAY
(a/k/a "Abu Jabbar"),
HUSSAIN K. BACHAY,
NOOR TAHSEEN AL-MAAREJ
(a/k/a "Noor T. Almarej"),
ALI F. AL-HIMRANI,
RANA J. KAABAWI,
AMAR F. ABDUL-SALAM,
AMEER R. MOHAMMED,
MOHAMMED F. AL-HIMRANI,
MARIA ELENA SANCHEZ,
SEIFEDDINE A. AL-KINANI,

4:21-CR-6042-SMJ

INDICTMENT

Vio:  18 U.S.C. § 1343
Wire Fraud
(Counts 1-13, 21, 22, 32-37,
54-57, 97-111, 116, 125)

18 U.S.C. § 1341
Mail Fraud
(Counts 14-20, 23-31, 38-53,
58-96, 112-115, 117-124)

18 U.S.C. §§ 1341, 1343, 1349
Conspiracy to Commit Mail
Fraud and Wire Fraud
(Count 126)

18 U.S.C. §§ 1347, 1349
Conspiracy to Commit Health
Care Fraud
(Count 127)

INDICTMENT – 1

| | |
|---|---|
| 1  ABDULLAH AL-DULAIMI,<br>2  FIRAS S. HADI,<br>3  FAROOQ S. YASEEN,<br>   KHALIL ABDUL-RAZAQ,<br>4  JESUS GEORGE SANCHEZ,<br>   SINAN AKRAWI, and<br>5  MOHAMMED NAJI AL-JIBORY,<br><br>6  <br>7              Defendants. | 18 U.S.C. §§ 1512(a)(2)(C),<br>1512(b)(1), 1512(b)(3),<br>1512(c)(2), 1512(k)<br>Conspiracy to Obstruct an<br>Official Proceeding<br>(Count 128) |

18 U.S.C. § 1512(a)(2)(C)
Tampering with Witness
(Counts 129-131)

18 U.S.C. § 1512(c)(1)
Attempted Tampering with
Evidence
(Counts 132, 135)

18 U.S.C. § 1512(b)(1)
Tampering with Witness
(Count 133)

18 U.S.C. § 1512(c)(2)
Attempted Obstruction of an
Official Proceeding
(Count 134)

18 U.S.C. § 1001(a)(2)
Making False Statements
within Jurisdiction of
Executive Branch
(Count 136-138)

18 U.S.C. § 981(a)(1)(C); 18
U.S.C. § 982(a)(7); 28 U.S.C.
§ 2461(c); 21 U.S.C. § 853(p)
Forfeiture Allegations

The Grand Jury charges:

At all times relevant and material to this Indictment:

INDICTMENT – 2

## INTRODUCTORY ALLEGATIONS

### Real Persons

1.      Defendant ALI ABED YASER (a/k/a "Abu Hasanain") (hereinafter "YASER [-1]") resided in Benton County, Washington.

2.      Defendant HUSSEIN A. YASIR (a/k/a "Abu Fakhri") (hereinafter "YASIR") resided in Benton County, Washington, and, at various times, resided with his girlfriend, Defendant MARIA ELENA SANCHEZ.  Defendants YASIR and YASER [-1] are brothers.

3.      Defendant HASANEIN A. YASER (hereinafter, "YASER [-2]") resided in Benton County, Washington.  YASER [-2] is the son of YASER [-1].

4.      Defendant AHMAD K. BACHAY (a/k/a "Muthalath" a/k/a "Humayad") (hereinafter "BACHAY [-1]") resided in Benton County, Washington and San Diego County, California.

5.      Defendant ALI F. AL-HIMRANI (hereinafter, "AL-HIMRANI [-1]") resided in Benton County, Washington and San Diego County, California.

6.      Defendant MOHAMMAD BAJAY (a/k/a "Abu Jabbar") (hereinafter "BAJAY") resided in Benton County, Washington and San Diego County, California.

7.      Defendant HUSSAIN K. BACHAY (hereinafter "BACHAY [-3]") resided in Benton County, Washington and San Diego County, California. BACHAY [-3] and BACHAY [-1] are brothers.

8.      Defendant NOOR TAHSEEN AL-MAAREJ (a/k/a "Noor T. Almarej") (hereinafter, "AL-MAAREJ") resided in Benton County, Washington and San Diego County, California. AL-MAAREJ and BAJAY resided together as a married couple.

INDICTMENT – 3

9.      Defendant MASHAEL A. BACHAY (hereinafter "BACHAY [-2]") resided in Benton County, Washington and San Diego County, California. BACHAY [-1] and BACHAY [-2] resided together as a married couple.

10.     Defendant RANA J. KAABAWI (hereinafter, "KAABAWI") resided in Benton County, Washington and San Diego County, California. KAABAWI and AL-HIMRANI [-1] resided together as a married couple.

11.     Defendant INSAF A. KARAWI (hereinafter, "KARAWI") resided in Benton County, Washington.  KARAWI and YASER [-1] resided together as a married couple.

12.     Defendant AMAR F. ABDUL-SALAM (hereinafter, "ABDUL-SALAM") resided in Benton County, Washington and San Diego County, California.

13.     Defendant AMEER R. MOHAMMED (hereinafter, "MOHAMMED") resided in Benton County, Washington.

14.     Defendant MOHAMMED F. AL-HIMRANI (hereinafter, "AL-HIMRANI [-2]") resided in Benton County, Washington.

15.     Defendant MARIA ELENA SANCHEZ (hereinafter, "SANCHEZ [-1]") resided in Benton County, Washington, and worked at a personal injury law firm as a "case manager."   SANCHEZ [-1]'s responsibilities included communicating via facsimile, email, telephone and U.S. Mail with insurance companies on behalf of the law firm's clients in connection with the clients' insurance claims.

16.     Defendant SEIFEDDINE A. AL-KINANI (hereinafter "AL-KINANI") resided in Benton County, Washington.

17.     Defendant ABDULLAH AL-DULAIMI (hereinafter "AL-DULAIMI") resided in Benton County, Washington.

INDICTMENT – 4

18.    Defendant FIRAS S. HADI, (hereinafter "HADI") resided in Benton County, Washington.

19.    FAROOQ S. YASEEN, (hereinafter, "YASEEN") resided in Benton County, Washington.

20.    Defendant KHALIL ABDUL-RAZAQ (hereinafter "ABDUL-RAZAQ") resided in Benton County, Washington.

21.    Defendant JESUS GEORGE SANCHEZ (hereinafter "SANCHEZ [-2]") resided in Franklin County, Washington.

22.    Defendant SINAN AKRAWI (hereinafter "AKRAWI") resided in San Diego County, California.

23.    Defendant MOHAMMED NAJI AL-JIBORY (hereinafter "AL-JIBORY") resided in Benton County, Washington.

Insurance Companies

24.    State Farm Group and its members, including State Farm Mutual Automobile Insurance Company ("State Farm"), of Bloomington, Illinois, were in the business of offering automobile insurance to customers in Washington and elsewhere. State Farm provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under State Farm insurance policies.

25.    GEICO Choice Insurance Company, an affiliate of the Government Employees Insurance Company (collectively "GEICO"), of Chevy Chase, Maryland, was in the in the business of providing automobile insurance to customers in Washington and elsewhere. GEICO provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under GEICO insurance policies.

26.    The Travelers Companies, Inc. ("Travelers") of New York City, New York, was in the business of offering automobile insurance to customers in

INDICTMENT – 5

Washington and elsewhere. Travelers provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Travelers' insurance policies.

27.    Farmers Insurance Exchange ("Farmers") of California, was in the business of offering automobile insurance to customers in Washington and elsewhere.

28.    Bristol West Insurance Group, a member of the Farmers Insurance Group of Companies Exchange ("Farmers") of California, was in the business of providing automobile insurance to customers in Washington and elsewhere. Bristol West provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Farmers insurance policies.

29.    Foremost Insurance Group, a member of the Farmers Insurance Group of Companies Exchange ("Farmers") of California, was in the business of providing automobile insurance to customers in Washington and elsewhere. Foremost Insurance Group provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Farmers insurance policies.

30.    Country Financial of Bloomington, Illinois, was a group of insurance services companies, including Country Mutual Insurance Company ("Country Mutual"). Country Mutual was in the business of providing automobile insurance to customers in Washington and elsewhere. It also provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Country Mutual's insurance policies.

31.    MAPFRE Group of Webster, Massachusetts, and its members, including Commerce West Insurance Company ("Commerce West"), were in the business of offering automobile insurance to customers in Washington and

INDICTMENT – 6

elsewhere. Commerce West provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Commerce West policies.

32.    Allstate Insurance Group and its members, including Allstate Insurance Company ("Allstate") of Northbrook, Illinois, was in the business of offering automobile insurance to customers in Washington and elsewhere. Allstate provided health care benefit programs that provided coverage for bodily injuries sustained from accidents caused by automobiles covered under Commerce West policies.

GENERAL ALLEGATIONS

The Scheme and Artifice to Defraud

33.    Beginning on or about a date unknown to the Grand Jury, but by no later than July 4, 2017, and continuing through on or about September 25, 2020, in the Eastern District of Washington and elsewhere, the Defendants, YASER [-1], YASIR, KARAWI, YASER [-2], BACHAY [-1], BACHAY [-2], BAJAY, BACHAY [-3], AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, ABDUL-SALAM, MOHAMMED, AL-HIMRANI [-2], SANCHEZ [-1], AL-KINANI, AL-DULAIMI, HADI, YASEEN, ABDUL-RAZAQ, SANCHEZ [-2], AKRAWI (as identified in each count below), with the intent to defraud, did knowingly and willfully devise and intend to devise, and did knowingly and willfully engage in a scheme to defraud insurance companies (hereinafter "victim insurance companies") and to obtain money from these companies by means of materially false and fraudulent pretenses, representations, and promises.

34.    The object of the scheme and artifice to defraud was for the Defendants and their co-conspirators to enrich themselves by defrauding the victim insurance companies through filing and collecting payment on fraudulent insurance claims for property damage, personal injury protection benefits (including medical treatment, loss of wages), and bodily injury.

INDICTMENT – 7

Manner and Means

35.     The manner and means utilized by the Defendants to accomplish the object of the scheme and artifice to defraud included, but were not limited to, the following:

36.     The Defendants planned and staged automobile accidents by intentionally causing collisions between each other's automobiles or the automobile of an unindicted co-conspirator.

37.     The Defendants deliberately staged a series of automobile accidents in the Eastern District of Washington.   Approximately 14 accidents were staged, several of which are described in more detail below.  A high percentage of the planned automobile crashes involved two vehicles on remote roads and at night where there were no witnesses other than the co-conspirators who staged the accidents.

38.     The Defendants would visit a Washington State Department of Motor Vehicles office and transfer ownership, via "gift" or otherwise, of a vehicle they intended to use in a staged accident to another co-conspirator shortly before, or in some instances the day of, the staged accident.

39.     The Defendants would deliberately drive the pre-planned "at fault" vehicle into the pre-planned "no fault" vehicle at a pre-planned location.   A Defendant would then make an emergency call to 911 falsely claiming an "accident" occurred.

40.     On at least two occasions, the Defendants deliberately used hammers to intentionally damage windows of a vehicle.  On at least one occasion, the Defendants placed weighted materials on an unoccupied front passenger seat to cause airbag deployment, and tampered with the front passenger seat dashboard panel as part of the staging.

INDICTMENT – 8

41.     In at least three staged accidents, there were no occupants (driver or passengers) in the "victim" vehicle when a Defendant deliberately drove the "at fault" vehicle into the "victim" vehicle.  The Defendants involved in those staged accidents misled the police, medical personnel, and insurance companies into believing there were occupants in the "victim" vehicle at the time of the collisions and suffered injuries.

42.     In at least three staged accidents, the co-conspirator driver of the "at fault" vehicle got into a third "getaway" vehicle after he deliberately crashed into the "victim" vehicle and left the scene before police arrived.  Another co-conspirator would mislead the police and insurance company into believing he was driving the "at fault" vehicle at the time of the collision.

43.     The Defendants made and caused to be made false material representations to police, medical personnel, and insurance company representatives about the manner in which the staged accidents occurred and the cause, nature and extent of their injuries and vehicle damage.

44.     After each staged accident, the Defendants submitted and caused to be submitted fraudulent property damage, personal injury protection (medical, loss of wages) and bodily injury claims with victim insurance companies.  The Defendants in some instances hired personal injury lawyers to represent them in connection with their false and fraudulent claims.  The Defendants falsely claimed that they were in an accident when, in truth and fact, the Defendants were involved in a pre-planned, deliberate, staged collision carried out for the sole purpose of fraudulently claiming insurance losses.

45.     The Defendants and their representatives communicated with the victim insurance companies about the fraudulent claims via interstate telephone calls, facsimiles, emails, and mailings.

46.    The Defendants sought emergency room and medical treatment for fictitious, fabricated, and exaggerated accident symptoms and injuries. The Defendants and their representatives would then cause medical and billing records, arising from medical treatment the Defendants sought following their staged accidents, to be submitted to the victim insurance companies.

47.    During the claim process for the staged accidents, the Defendants made and caused to be made various false representations to the victim insurance companies, including as to (a) the conditions that caused the crash or accident; (b) who was driving at the time of the crash; (c) the true identities of the individuals involved; (d) the income and employment status of the individuals involved; and (e) whether and to what extent they suffered injuries as a result of the staged automobile accident.

48.    The Defendants and the personal injury lawyers representing them collected payouts on the Defendants' fraudulent claims from the victim insurance companies.

49.    The Defendants caused victim insurance companies to issue payments to them and their representatives via mailed check and electronic transfer to settle fraudulent personal injury protection (medical, loss of wages), bodily injury, and property damage claims arising from staged accidents.

50.    The Defendants caused victim insurance companies to pay out at least $962,347 as a result of their fraudulent staged accident claims.

### COUNTS 1-13

### (Wire Fraud)

*July 4, 2017, Staged Automobile Accident*

51.    Paragraphs 2, 15, 24, 33-36, 39, and 43-49 of the Indictment are realleged and incorporated herein as though set forth fully herein.

INDICTMENT – 10

52.     On or about July 4, 2017, YASIR, SANCHEZ [-1], and two unindicted co-conspirators (hereinafter, "UCC-1" and "UCC-2") staged an automobile accident at the intersection of Garfield and Russell Roads in Pasco, Washington.  The staged accident involved a 2014 Mercedes CLA250C, registered to SANCHEZ [-1], being purposely driven into a 2005 Chevrolet Cobalt, registered to UCC-1.  YASIR and SANCHEZ [-1] subsequently filed, and caused to be filed, fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. SANCHEZ [-1], YASIR and UCC-1 and others not named herein received settlement payouts of approximately $50,873.45 from State Farm.

53.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 1 | 7/25/2017 | Application for Benefits and Authorization for Release of Information for "Maria E. Sanchez" and an individual identified herein by the initials "A.V.G." sent by email from nenaseanz@outlook.com within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 2 | 11/16/2017 | Representation Letter regarding "Hussein A. Yasir" sent by facsimile from a law firm within the State of Washington to State | YASIR, SANCHEZ [-1] |

INDICTMENT – 11

| | | Farm outside the State of Washington | |
|---|---|---|---|
| 3 | 1/31/2018 | Time-Limit Demand Letter regarding "Hussein A. Yasir" and Claim No. 47-0660-M04 sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 4 | 2/14/2018 | Settlement Demand Letter of $67,708.19 for "Hussein Yasir" sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 5 | 3/5/2018 | Signed Release of "Hussein A. Yasir" regarding $25,000 sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 6 | 4/26/2018 | "Employment - Wage Loss for Hussein Yasir" documents sent by email from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 7 | 6/8/2018 | Letter regarding Wage Loss Calculation for "Hussein Yasir" sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 8 | 6/12/2018 | Representation letter regarding "Hussein Yasir" sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |

INDICTMENT – 12

| 9 | 6/19/2018 | Counter-Demand Letter of $22,000 for "Hussein Yasir" sent by facsimile from law a firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
|---|---|---|---|
| 10 | 6/27/2018 | Letter regarding "Hussein Yasir's" claim sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 11 | 6/29/2018 | Letter regarding "Hussein Yasir's" claim sent by facsimile from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 12 | 7/2/2018 | Letter regarding "Hussein Yasir's" underinsured motorist claim sent by facsimile at 1:38 p.m. from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 13 | 7/2/2018 | Attorney acceptance of offer and fee letter regarding "Hussein Yasir's" underinsured motorist claim sent by facsimile at 2:24 p.m. from a law firm within the State of Washington to State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |

All in violation of 18 U.S.C. § 1343.

COUNTS 14-20

(Mail Fraud)

*July 4, 2017, Staged Automobile Accident*

INDICTMENT – 13

54.    Paragraphs 2, 15, 24, 33-36, 39, and 43-49, and 52 of the Indictment are realleged and incorporated herein as though set forth fully herein.

55.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendant |
|-------|--------------------------|-------------|-----------|
| 14 | 7/11/2017 | State Farm check no. 091259 payable to "Maria Sanchez" in the amount of $562.15 re: Claim No. 47-0660-M04 and "Insured Maria Sanchez" mailed to "Maria Sanchez" into the State of Washington from State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 15 | 9/15/2017 | State Farm check no. 231069 payable to ***[1] in the amount of $6,438.78 re: Claim No 47-0660-M04 and "Insured Maria Sanchez" mailed to *** into the State of Washington from State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
| 16 | 2/15/2018 | Letter regarding Application for Personal Injury Protection Benefits for "Hussein Yasir" mailed to "Hussein Yasir" into the State of Washington from State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |

[1] Name omitted.

INDICTMENT – 14

| 17 | 2/26/2018 | State Farm check no. 576872 made payable to "Hussein Yasir & ***, His Attorney" in the amount of $25,000 mailed to an individual not named herein into the State of Washington from State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |
|----|-----------|---|---|
| 18 | 4/6/2018 | Letter regarding Claim No. 0585351970101010 mailed to an individual not named herein into the State of Washington from Geico outside the State of Washington | YASIR, SANCHEZ [-1] |
| 19 | 4/9/2018 | Letter regarding Claim No. 0585351970101010 mailed to "Maria Sanchez" into the State of Washington from Geico outside the State of Washington | YASIR, SANCHEZ [-1] |
| 20 | 7/6/2018 | State Farm check nos. 853037 and 853032 each payable to "*** Law Group" in the amounts of $4,182.40 and $5,000 regarding Claim No 47-2967-J03 and "Insured Hussein Yasir" mailed to "*** Law Group" into the State of Washington from State Farm outside the State of Washington | YASIR, SANCHEZ [-1] |

All in violation of 18 U.S.C. § 1341.

INDICTMENT – 15

COUNTS 21-22

(Wire Fraud)

*October 14, 2018, Staged Automobile Accident*

56.    Paragraphs 5-8, 10, 28, 29, 33-36, 39, and 43-49 of the Indictment are realleged and incorporated herein as though set forth fully herein.

57.    On or about March 24, 2016, BACHAY [-3] and BAJAY obtained $23,243.50 in financing from Hapo Community Credit Union to purchase a 2015 Chevrolet Camaro.

58.    On or about August 20, 2018, AL-HIMRANI [-1] purchased a 2004 Hummer H2 for $200.00 from an individual not named herein.  The Washington Certificate of Title provided no odometer reading.  A Florida Certificate of Title, dated August 28, 2015, reported the mileage as 179,426 as of July 28, 2014.  After purchasing the 2004 Hummer H2, AL-HIMRANI [-1] caused the odometer to be rolled-back.  On or about October 14, 2018, the 2004 Hummer H2's odometer reading was 110,241 miles.

59.    On or about September 12, 2018, BAJAY purchased personal automobile insurance, including basic personal injury protection, for a 2015 Chevrolet Camaro.

60.    On or about October 14, 2018, BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI and BACHAY [-3] staged an accident at the intersection of Oak Street and 27th in Kennewick, Washington.  The staged accident involved a 2015 Chevrolet Camaro registered to BACHAY [-3] and BAJAY and insured by BAJAY being purposely driven into a 2004 Hummer H2 registered to and insured by AL-HIMRANI [-1].  AL-MAAREJ was in the front passenger seat of the Camaro and KAABAWI was in the front passenger seat of the Hummer.    AL-MAAREJ, BAJAY, BACHAY [-3] and AL-HIMRANI [-1] subsequently filed fraudulent insurance claims in which they falsely represented and adopted each other's false

INDICTMENT – 16

representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. As a result of their knowing submission of false claims, BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI and BACHAY [-3] caused Foremost and Bristol to make payouts totaling approximately $87,924.95.

61.     On or about October 14, 2018, BACHAY [-3] and BAJAY owed Hapo Community Credit Union approximately $12,364.06 for the financing on the 2015 Chevrolet Camaro.

62.     On or about December 14, 2018, a used car dealership located in Wood Village, Oregon, purchased the salvaged 2015 Chevrolet Camaro through an internet automobile auction company.

63.     On or about December 20, 2018, BACHAY [-3] purchased the salvaged 2015 Chevrolet Camaro for $5,138.00.

64.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 21 | 10/19/2018 | Representation letter from *** Law Group regarding "Our Client: Rana Al Kaabawi, Ali Al Himrani" sent via facsimile from law firm within the State of Washington to Foremost outside the State of Washington | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
| 22 | 1/8/2019 | Representation letter from *** Law Group regarding "Our Client: Noor T. Almarej" [sic] sent via facsimile from law firm | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], |

INDICTMENT – 17

| | | within the State of Washington to Foremost outside the State of Washington | KAABAWI, BACHAY [-3] |
|---|---|---|---|

All in violation of 18 U.S.C. § 1343.

COUNTS 23-28

(Mail Fraud)

*October 14, 2018, Staged Automobile Accident*

65.      Paragraphs 5-8, 10, 28, 29, 33-36, 39, 43-49, and 57-63 of this Indictment are realleged and incorporated as though fully set forth herein.

66.      On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 23 | 11/7/2018 | Foremost Insurance Group check no. 1622067241 payable to "Ali Al Himrani" in the amount of $14,171.89 mailed to "Ali Al Himrani" into the State of Washington from Foremost outside the State of Washington | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
| 24 | 11/26/2018 | Foremost Insurance Group check no. 1622223277 payable to "Hapo Community Credit Union" in the amount of $12,364.06 to | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, |

| | | | |
|---|---|---|---|
| | | pay off BAJAY and BACHAY [-3] car loan mailed to "Hapo Community Credit Union" into the State of Washington from Foremost outside the State of Washington | BACHAY [-3] |
| 25 | 11/29/2018 | Foremost Insurance Group check no. 1622267528 payable to "Ali Al Himrani" in the amount of $843.00 mailed to "Ali Al Himrani" into the State of Washington from Foremost outside the State of Washington | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
| 26 | 1/31/2020 | Foremost Insurance Group check no. 1626136610 payable to "Ali Al Himrani" and "*** Law Group" in the amount of $6,666.66 mailed to "Ali Al Himrani" and "*** Law Group" into the State of Washington from Foremost outside the State of Washington | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
| 27 | 1/31/2020 | Foremost Insurance Group check no. 1626136642 payable to "Rana Al Kaabawi and *** Law Group" in the amount of $21,666.67 mailed to "Rana Al Kaabawi and *** Law Group" into the State of Washington from Foremost outside the State of Washington | BAJAY, AL-MAAREJ, AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
| 28 | 1/31/2020 | Foremost Insurance Group check no. 1626136667 payable to "Noor Tahseen | BAJAY, AL-MAAREJ, |

INDICTMENT – 19

| | | Al-Maarej and *** Law Group" in the amount of $21,666.67 mailed to "Noor Tahseen Al-Maarej and *** Law Group" into the State of Washington from Foremost outside the State of Washington | AL-HIMRANI [-1], KAABAWI, BACHAY [-3] |
|---|---|---|---|

All in violation of 18 U.S.C. § 1341.

COUNTS 29-31

(Mail Fraud)

*January 23, 2019, Staged Automobile Accident*

67.    Paragraphs 15, 21, 24, 33-36, 39, and 43-49 of this Indictment are realleged and incorporated as though fully set forth herein.

68.    On or about January 23, 2019, SANCHEZ [-1], SANCHEZ [-2], and unindicted co-conspirators (hereinafter, "UCC-3") staged an accident on County Route 12, between Johnson Road and Missimer Road, in Benton County, Washington.  At the time, Numerica Credit Union held a lien of approximately $22,694.64 on a 2014 Mercedes CLA250C, registered to SANCHEZ [-1]. The staged accident involved SANCHEZ [-1]'s 2014 Mercedes CLA250C being purposely driven into a 2007 Toyota Tundra SR5 Double cab truck, registered to her brother, SANCHEZ [-2].  SANCHEZ [-1] and SANCHEZ [-2] subsequently filed fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury and wage loss as a result of the accident. SANCHEZ [-1], SANCHEZ [-2], and others known and unknown, received payouts of approximately $76,277.88 from State Farm.

INDICTMENT – 20

69.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 29 | 1/30/2019 | State Farm check no. 11528698J payable to "Jesus Sanchez" in the amount of $13,195.12 mailed to Jesus Sanchez" into the State of Washington from State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 30 | 3/27/2019 | State Farm check no. 115405074J payable to "Numerica Credit Union" in the amount of $22,694.64 mailed to "Numerica Credit Union" into the State of Washington from State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 31 | 1/21/2020 | State Farm check no. 115022425J payable to "Jesus Sanchez in Trust of ***Injury Attorneys" in the amount of $27,000.00 mailed to Jesus Sanchez in Trust of ***Injury Attorneys" into the State of Washington from State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |

INDICTMENT – 21

All in violation of 18 U.S.C. § 1341.

COUNTS 32-37

(Wire Fraud)

*January 23, 2019, Staged Automobile Accident*

70.      Paragraphs 15, 21, 24, 33-36, 39, 43-49, and 68 of the Indictment are realleged and incorporated herein as though set forth fully herein.

71.      On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 32 | 5/15/2019 | Signed Release in the name of "Maria Sanchez" regarding claim 47-7403-Z86 sent via email from within the State of Washington to State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 33 | 5/16/2019 | State Farm payment of $5,000 to "Maria Sanchez" for bodily injury liability (regarding claim 47-7403-Z86) electronically transferred to "Maria Sanchez" into the State of Washington from State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 34 | 10/21/2019 | Settlement Demand Letter on behalf of "Jesus Sanchez" regarding claim 47-7403-Z86 sent via email from within the State of Washington to State | SANCHEZ [-1], SANCHEZ [-2] |

| | | Farm outside the State of Washington | |
|---|---|---|---|
| 35 | 10/30/2019 | Settlement counteroffer letter of $26,750 regarding "Jesus Sanchez" sent via facsimile from within the State of Washington to State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 36 | 12/17/2019 | Lost Wage claim regarding "Jesus Sanchez" sent via facsimile from within the State of Washington to State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |
| 37 | 1/20/2020 | Settlement Release of "Jesus Sanchez" regarding claim 47-7403-Z86 sent via email from within the State of Washington to State Farm outside the State of Washington | SANCHEZ [-1], SANCHEZ [-2] |

All in violation of 18 U.S.C. § 1343.

COUNTS 38-53

(Mail Fraud)

*January 23, 2019, Staged Automobile Accident*

72.     Paragraphs 2, 3, 7, 12, 18, 19, 30, 31, 33-36, 39, and 43-49 of this Indictment are realleged and incorporated as though fully set forth herein.

73.     On or about January 4, 2019, BACHAY [-1] purchased a 2005 Toyota Sienna from a used car dealership in Oregon.

74.     On January 22, 2019, ABDUL-SALAM registered the 2005 Toyota Sienna after purchasing it from BACHAY [-1] for $2,000.00.

75.     On or about January 22, 2019, ABDUL-SALAM purchased personal automobile insurance, including personal injury protection, from Country Mutual for the 2005 Toyota Sienna.

INDICTMENT – 23

76.     On or about January 23, 2019, YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI and YASEEN staged an accident on Court Street and Road 100 in Franklin County, Washington.  The staged accident involved a 2005 Toyota Sienna driven by ABDUL-SALAM with passenger BACHAY [-3], being purposely driven into a 2006 Infinity FX35 driven by YASIR with passengers BACHAY [-1], HADI and YASEEN.  YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, and YASEEN subsequently filed fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury and wage loss as a result of the accident.  YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, and YASEEN received a settlement payout of approximately $389,979.32 from Commerce West and Country Mutual.

77.     On or about October 5, 2019, while discussing the Sienna and Infinity, ABDUL-SALAM stated to a confidential human source who was secretly working with the Federal Bureau of Investigation (hereinafter, "John Doe"), "You come and stage an accident, you will benefit at the beginning.  At the end you have nothing.  But you will benefit from the checks that you receive from them, the insurance.  Okay?"

78.     On or about October 5, 2019, while discussing the January 23, 2019, staged accident involving the Sienna and Infinity, ABDUL-SALAM stated to John Doe, "I did the insurance in the day and I hit it at night."

79.     On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

INDICTMENT – 24

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 38 | 2/5/2019 | Country Financial check no. 9573778 payable to "Amar Abdul" in the amount of $5,949.14 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 39 | 3/6/2019 | Country Financial check no. 9596344 payable to "Hussain Bachay" in the amount of $1,879.04 mailed to "Hussain Bachay" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 40 | 3/6/2019 | Country Financial check no. 9596338 payable to "Amar Abdul" in the amount of $1,879.04 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 41 | 3/20/2019 | Country Financial check no. 9606955 payable to "Amar Abdul" in the amount of $1,275.00 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 42 | 3/20/2019 | Country Financial check no. 9606958 payable to "Hussain Bachay" in the amount of $1,275.00 mailed to "Hussain Bachay" into the State of Washington from Country | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, |

INDICTMENT – 25

| | | Financial outside the State of Washington | YASEEN |
|---|---|---|---|
| 43 | 4/3/2019 | Country Financial check no. 9617503 payable to "Amar Abdul" in the amount of $1,275.00 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 44 | 4/3/2019 | Country Financial check no. 9617617 payable to "Hussain Bachay" in the amount of $1,275.00 mailed to "Hussain Bachay" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 45 | 4/15/2019 | Country Financial check no. 9625225 payable to "Amar Abdul" in the amount of $1,275.50 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 46 | 4/15/2019 | Country Financial check no. 9625231 payable to "Hussain Bachay" in the amount of $1,275.00 mailed to "Hussain Bachay" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 47 | 5/1/2019 | Country Financial check no. 96377252 payable to "Hussain Bachay" in the amount of $1,912.50 mailed to "Hussain Bachay" into the State of Washington from Country | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, |

INDICTMENT – 26

| | | | |
|---|---|---|---|
| | | Financial outside the State of Washington | YASEEN |
| 48 | 5/1/2019 | Country Financial check no. 9637253 payable to "Amar Abdul" in the amount of $1,912.50 mailed to "Amar Abdul" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 49 | 7/12/2019 | Settlement Correspondence from *** Law Offices regarding "Ahmad Bachay," Claim No. 201-1626756, mailed from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3] HADI, YASEEN |
| 50 | 7/17/2019 | Settlement Correspondence *** Law Offices regarding "Farooq Yaseen," Claim No. 201-1626756, mailed from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 51 | 9/10/2020 | Country Financial check no. 6189780 payable to "*** Law Offices & Farooq Yaseen" in the amount of $34,000.00 mailed to "*** Law Offices & Farooq Yaseen" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3] HADI, YASEEN |
| 52 | 9/10/2020 | Country Financial check no. 6189783 payable to "Hussein Yasir" in the amount of $19,551.69 mailed to "Hussein Yasir" into the State of Washington from Country | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3] HADI, |

INDICTMENT – 27

| | | Financial outside the State of Washington | YASEEN |
|---|---|---|---|
| 53 | 9/17/2020 | Country Financial check no. 6189792 payable to "*** Law Offices in Trust for Ahmad Bachay" in the amount of $37,000.00 mailed to "*** Law Offices in Trust for Ahmad Bachay" into the State of Washington from Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3] HADI, YASEEN |

All in violation of § 1341.

COUNTS 54-57

(Wire Fraud)

*January 23, 2019, Staged Automobile Accident*

80.      Paragraphs 2, 3, 7, 12, 18, 19, 30, 31, 33-36, 39, 43-49, and 73-78 of the Indictment are realleged and incorporated herein as though set forth fully herein.

81.      On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 54 | 2/23/2019 | Wage and Salary Verification Form regarding "Firas Hadi" sent by facsimile from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |

INDICTMENT – 28

| 55 | 3/12/2019 | Attorney Representation letter regarding "Hussain Bachay" sent by facsimile from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
|----|-----------|---|---|
| 56 | 3/22/2019 | Attorney Representation letter regarding "Firas Hadi" sent by email from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |
| 57 | 4/12/2019 | Attorney Representation letter regarding "Ahmad Bachay and Farooq Yaseen" sent by facsimile from within the State of Washington to Country Financial outside the State of Washington | YASIR, ABDUL-SALAM, BACHAY [-1], BACHAY [-3], HADI, YASEEN |

All in violation of 18 U.S.C. § 1343.

## COUNTS 58-96

### (Mail Fraud)

*May 28, 2019, Staged Automobile Accident*

82.     Paragraphs 1, 3, 5, 11, 13, 16, 24, 26, 33-36, 39, 41, and 43-49 of this Indictment are realleged and incorporated as though fully set forth herein.

83.     On or about April 5, 2017, KARAWI obtained financing from Washington State Employees' Credit Union to purchase a used 2014 Lexus IS for $32,999 from a used car dealership in Pasco, Washington.

84.     On or about February 27, 2018, MOHAMMED purchased a 2009 Hyundai Sonata for $4,500 from an auto salvage company in Kennewick, Washington.

INDICTMENT – 29

85.    On or about May 3, 2019, after discussing the Blue Book value of KARAWI's 2014 Lexus IS, with YASER [-1], AL-HIMRANI [-1] stated, "If you sell it, they will deduct four to five thousand for this scratch.  No, sale is out of the question.  Crash it, and the totaled value for it will be twenty-five or twenty-six thousand easy.  Crash it and get rid of it."  AL-HIMRANI [-1] told YASER [-1], "Yes, I total it, I know how to total it, 'Abu Hasanain.' I know what to do to it.  The most important thing is for the car to be towed and take it to a statement guy here whom I know."  YASER [-1] stated, "Okay."  AL-HIMRANI [-1] stated, "If it costs one thousand dollars, he'll say it costs ten thousand and total it."

86.    On or about May 17, 2019, MOHAMMED purchased personal automobile insurance, including personal injury protection, for the 2009 Hyundai Sonata.

87.    On or about May 28, 2019, YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED, staged an automobile accident on County Route 12, between Johnson Road and Missimer Road, in Benton County, Washington.  The staged accident involved a 2009 Hyundai Sonata, driven by MOHAMMED with passenger AL-KINANI, being purposely driven into a 2014 Lexus IS driven by YASER [-1], with passengers KARAWI, YASER [-2], and two minor children not named herein.  The 2014 Lexus IS was registered to KARAWI.  At the time, the Washington State Employee's Credit Union held had a lien of approximately $30,018.78 on the 2014 Lexus IS.  YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED, subsequently filed fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury and wage loss as a result of the accident.  YASER [-1], YASER [-2], KARAWI, AL-KINANI and MOHAMMED received a settlement payout of approximately $125,845.41 from State Farm and Travelers Insurance.

INDICTMENT – 30

88.    On or about June 19, 2019, YASER [-1] contacted John Doe and expressed his intention to draft up and backdate a fraudulent contract for proposed contracting work in the amount of $30,000 on John Doe's house to submit to the insurance company in support of YASER [-1]'s fraudulent claim for lost income.

89.    On or about November 19, 2019, KARAWI applied for and received a duplicate rebuilt title for the 2014 Lexus IS.

90.    On or about June 4, 2020, KARAWI retained ownership of the salvaged 2014 Lexus IS.

91.    On or about July 22, 2020, MOHAMMED became the registered owner of the 2014 Lexus IS.

92.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 58 | 5/30/2019 | State Farm check no. 538710 payable to "Ameer R. Mohammed" in the amount of $3,285.37 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 59 | 6/20/2019 | State Farm check no. 580872 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 31

| | | | |
|---|---|---|---|
| | | "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 60 | 6/20/2019 | State Farm check no. 580892 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 61 | 6/27/2019 | State Farm check no. 597186 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 62 | 7/1/2019 | State Farm check no. 601533 payable to "Seifeddine Al-Kinani" in the amount of $700.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2, KARAWI, AL-KINANI, MOHAMMED |
| 63 | 7/8/2019 | State Farm check no. 614328 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 64 | 7/15/2019 | State Farm check no. 629516 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 32

| | | | |
|---|---|---|---|
| | | "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 65 | 7/17/2019 | State Farm check no. 635746 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 66 | 7/18/2019 | Application for Benefits – Personal Injury Protection regarding "Ali Yaser" mailed from within the State of Washington to The Standard Fire Insurance Company outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 67 | 7/18/2019 | Application for Benefits – Personal Injury Protection regarding "Hasanein Yaser" mailed from within the State of Washington to the Standard Fire Insurance Company outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 68 | 7/22/2019 | State Farm check no. 642613 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 69 | 7/25/2019 | State Farm check no. 650984 payable to "Insaf Karawi & WSECU" in the amount of $19,251.99 as lien payoff | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 33

| | | | |
|---|---|---|---|
| | | settlement on 2014 Lexus IS mailed to "Insaf Karawi" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 70 | 7/26/2019 | State Farm check no. 653589 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 71 | 7/29/2019 | State Farm check no. 656933 payable to "Seifeddine Al-Kinani" in the amount of $700.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 72 | 7/30/2019 | State Farm check no. 659652 payable to "Seifeddine Al-Kinani" in the amount of $700.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 73 | 8/9/2019 | State Farm check no. 683131 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 74 | 8/12/2019 | State Farm check no. 686529 payable to "Seifeddine Al-Kinani" in the amount of | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 34

| | | | |
|---|---|---|---|
| | | $700.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 75 | 8/13/2019 | State Farm check no. 689389 payable to "Seifeddine Al-Kinani" in the amount of $700.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 76 | 8/14/2019 | State Farm check no. 694661 payable to "Ameer R. Mohammed" in the amount of $700.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 77 | 8/19/2019 | State Farm check no. 701797 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 78 | 9/9/2019 | State Farm check no. 746773 payable to "Seifeddine Al-Kinani" in the amount of $2,800.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 79 | 9/9/2019 | State Farm check no. 746762 payable to "Ameer R. Mohammed" in the amount | YASER        [-1], YASER [-2], KARAWI, |

INDICTMENT – 35

| | | | |
|---|---|---|---|
| | | of $2,800.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 80 | 10/9/2019 | State Farm check no. 811768 payable to "Seifeddine Al-Kinani" in the amount of $2,800.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER      [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 81 | 10/9/2019 | State Farm check no. 811788 payable to "Ameer R. Mohammed" in the amount of $2,800.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 82 | 10/29/2019 | State Farm check no. 855648 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 83 | 11/7/2019 | State Farm check no. 876260 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 84 | 11/11/2019 | State Farm check no. 882918 payable to "Ameer R. Mohammed" in the amount | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 36

| | | | |
|---|---|---|---|
| | | of $2,800.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 85 | 11/21/2019 | State Farm check no. 906886 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 86 | 11/21/2019 | State Farm check no. 907134 payable to "Seifeddine Al-Kinani" in the amount of $5,000.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 87 | 11/21/2019 | State Farm check no. 906995 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 88 | 12/5/2019 | State Farm check no. 932260 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 89 | 12/5/2019 | State Farm check no. 932286 payable to "Seifeddine Al-Kinani" in the amount of | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 37

| | | | |
|---|---|---|---|
| | | $1,400.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
| 90 | 12/19/2019 | State Farm check no. 962658 payable to "Seifeddine Al-Kinani" in the amount of $1,400.00 mailed to "Seifeddine Al-Kinani" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 91 | 12/19/2020 | State Farm check no. 962637 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 92 | 1/2/2020 | State Farm check no. 985554 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 93 | 1/16/2020 | State Farm check no. 013439 payable to "Ameer R. Mohammed" in the amount of $1,400.00 mailed to "Ameer R. Mohammed" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 94 | 5/13/2020 | State Farm check no. 240106 payable to "Ali Yaser & Insaf Karawi, As Parents and | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 38

| | | Natural Guardians of N.Y., a Minor" in the amount of $5,000.00 mailed to *** in the State of Washington from State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
|---|---|---|---|
| 95 | 6/3/2020 | State Farm check no. 268822 payable to "Hasanein Yasir & *** Attorneys at Law" in the amount of $5,250.00 mailed to "Hasanein Yasir & *** Attorneys at Law" in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 96 | 6/13/2020 | State Farm check no. 240036 payable to "Ali Yaser & Insaf Karawi, As Parents and Natural Guardians of M.Y., a Minor" in the amount of $5,000.00 mailed to *** Attorneys at Law in the State of Washington from State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |

All in violation of 18 U.S.C. § 1341.

COUNTS 97-111

(Wire Fraud)

*May 28, 2019, Staged Automobile Accident*

93.      Paragraphs 1, 3, 5, 11, 13, 16, 24, 26, 33-36, 39, 41, 43-49, and 83-91 of the Indictment are realleged and incorporated as though set forth fully herein.

94.      On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below

INDICTMENT – 39

knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 97 | 5/31/2019 | Medical Restrictions Form Safe Return to Work regarding "Seifeddine Al-Kinani" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 98 | 6/8/2019 | Medical Restrictions Form Safe Return to Work regarding "Ameer R. Mohammed" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 99 | 6/11/2019 | Application for Benefits regarding "Seifeddine Al-Kinani" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 100 | 6/17/2019 | Medical Restrictions Form Safe Return to Work regarding "Seifeddine Al-Kinani" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 101 | 6/18/2019 | Application for Benefits regarding "Ameer R. Mohammed" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 102 | 6/19/2019 | Wage and Salary Verification Form regarding "Ameer R. Mohammed" emailed at 11:52 p.m. from | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 40

| | | hu200966@yahoo.com within the State of Washington to State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
|---|---|---|---|
| 103 | 6/19/2019 | Wage and Salary Verification Form regarding "Seifeddine A. Al-Kinani" emailed at 11:54 p.m. from hu200966@yahoo.com within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 104 | 6/20/2019 | Medical Restrictions Form Safe Return to Work regarding "Ameer R. Mohammed" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 105 | 7/16/2019 | Medical Restrictions Form Safe Return to Work regarding "Seifeddine Al-Kinani" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 106 | 10/11/2019 | Medical Restrictions Form Safe Return to Work regarding "Seifeddine Al-Kinani" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 107 | 11/14/2019 | Medical Restrictions Form Safe Return to Work regarding "Ameer R. Mohammed" sent by facsimile from within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 108 | 11/20/2019 | Settlement Release for "Seifeddine Al-Kinani" regarding Insurance Claim 47-02C5-72M emailed from | YASER [-1], YASER [-2], KARAWI, |

INDICTMENT – 41

| | | seif.17@yahoo.com within the State of Washington to State Farm outside the State of Washington | AL-KINANI, MOHAMMED |
|---|---|---|---|
| 109 | 12/11/2019 | Settlement Demand from with attachments regarding Insurance Claim 47-02C5-72M emailed from a law firm within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 110 | 12/30/2019 | Settlement Counteroffer regarding Insurance Claim 47-02C5-72M emailed from a law firm within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |
| 111 | 6/2/2020 | Settlement Release for "Hasanein Yasir" regarding Insurance Claim 47-02C5-72M emailed from a law firm within the State of Washington to State Farm outside the State of Washington | YASER [-1], YASER [-2], KARAWI, AL-KINANI, MOHAMMED |

All in violation of 18 U.S.C. § 1343.

## COUNTS 112-113

### (Mail Fraud)

*September 6, 2019, Staged Automobile Accident*

95.     Paragraphs 4-6, 9, 10, 12, 29, 33-36, and 38-49 of this Indictment are realleged and incorporated as though fully set forth herein.

96.     On or about March 31, 2019, ABDUL-SALAM purchased a 2011 Chevrolet Traverse from State Sales Dealer in Oregon.  On or about August 14, 2019, ABDUL-SALAM sold the vehicle to an individual not named herein for $0.00.

INDICTMENT – 42

97.     On or about July 10, 2019, an Oregon Certificate of Title for a 2015 Jeep Grand Cherokee was issued to AL-HIMRANI [-1].  On or about August 14, 2019, AL-HIMRANI [-1] applied for a Washington Vehicle Title Application for the 2015 Jeep Grand Cherokee.  A Washington Vehicle Bill of Sale, dated August 14, 2019, reported that AL-HIMRANI [-1] purchased the 2015 Jeep Grand Cherokee from AL-HIMRANI [-2] for $1,000.

98.     On or about September 2, 2019, AL-HIMRANI [-1] recruited John Doe to participate in a staged accident.

99.     On or about September 3, 2019, AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], ABDUL-SALAM, and BAJAY discussed details of the staged accident plan, which included, among other things, placing weights on empty seats so airbags would deploy, fabricating a story about the cause of the accident and the number of occupants in each vehicle, and obtaining documents that falsely and fraudulently stated that a 2011 Chevrolet Traverse had a broken engine or transmission to justify the cheap sale of the vehicle to BACHAY [-2].

100.     On or about September 3, 2019, BACHAY [-2] purchased the 2011 Chevrolet Traverse from an individual not named herein for $200.00.  The Washington State Declaration of Buyer and Seller stated the 2011 Chevrolet Traverse had an "engine and transmission problem."

101.     On or about September 3, 2019, BACHAY [-1] and BACHAY [-2] were listed as insured drivers for the 2011 Chevrolet Traverse on Bristol West Insurance Group policy declaration (policy number G00963848500).  BACHAY [-1] and BACHAY [-2] purchased increased personal injury protection.

102.     On or about the morning of September 6, 2019, AL-HIMRANI [-1] reported to the Washington State Department of Motor Vehicles that he "gifted" the 2015 Jeep Grand Cherokee to "John Doe."

INDICTMENT – 43

103.    On or about September 6, 2019, AL-HIMRANI [-1] issued DGHM Transport LLC check (#1009) payable to John Doe in the amount of $2,000 for "payroll" to create the impression that John Doe was employed at AL-HIMRANI [-1]'s commercial truck business, DGHM Transport LLC, when in truth and fact, John Doe was not so employed.

104.    On or about September 6, 2019, as part of the accident staging, and to induce the Jeep Cherokee's airbag deployment, the co-conspirators placed a case of water on the empty front passenger seat, secured it with a seatbelt, and then removed the object before the police arrived.  As part of the staging, AL-HIMRANI [-1] instructed John Doe to park the vehicle at an angle on the road so the taillight would be struck, causing more damage.

105.    On or about September 6, 2019, after arriving at the staged accident location, AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], and John Doe exited their vehicles so they would not be injured at the time of impact.

106.    On or about September 6, 2019, AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], ABDUL-SALAM, BAJAY and John Doe staged an automobile accident on Selph Road in Pasco, Washington.  The staged accident involved ABDUL-SALAM intentionally crashing a 2011 Chevrolet Traverse into an unoccupied 2015 Jeep Grand Cherokee.  ABDUL-SALAM then exited the crashed 2011 Chevrolet Traverse and entered a third vehicle, driven by BAJAY, and departed before police arrived.  AL-HIMRANI [-1] called 911.  Before police arrived, AL-HIMRANI [-1] and BACHAY [-1] used hammers to cause further intentional damage to the 2015 Jeep Grand Cherokee.  KAABAWI then requested AL-HIMRANI [-1] to give her the hammer so she could conceal it in her bag. BACHAY [-2] misrepresented to the police that she was the driver of the 2011 Chevrolet Traverse, when in truth and fact, ABDUL-SALAM was the driver at the time of the intentional collision.  AL-HIMRANI [-1] instructed John Doe to mislead

INDICTMENT – 44

the police and insurance company that John Doe was the driver of the 2015 Jeep and to lie about the cause of the accident. AL-HIMRANI [-1], BACHAY [-2], BACHAY [-1], KAABAWI and John Doe subsequently filed, and caused to be filed, fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. As a result of the staged accident, AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], BAJAY and John Doe caused Foremost to pay approximately $88,765.75 for medical treatment, lost wages, vehicle property damage. Between on or about September 24, 2019, and November 25, 2019, BACHAY [-2] received by five insurance company checks for lost wages totaling $6,290.00 and one insurance company check for vehicle property damage totaling $6,340.13. Between on or about October 9, 2019, and December 12, 2019, BACHAY [-1] received five insurance company checks for lost wages totaling approximately $7,480.00.

107.    On or about September 30, 2019, AKRAWI signed an Employment Verification for BACHAY [-1] falsely reporting to the insurance company that BACHAY [-1] worked as a "Janitor" at AKRAWI's cleaning company in California. AKRAWI falsely reported the number of days worked, total hours, and gross earnings that BACHAY [-1] worked for the pay periods: May 1, 2019, through May 31, 2019; July 15, 2019, through July 31, 2019; and August 1, 2019, through August 31, 2019, when, in truth and fact, BACHAY [1] and BACHAY [-2] left the United States on or about May 5, 2019 and did not return until on or about August 15, 2019.

108.    On or about October 11, 2019, John Doe received an insurance check in the amount of $22,765.90 and, at AL-HIMRANI [-1]'s request, converted it into a cashier's check (#100411365) made payable to AL-HIMRANI [-1] for the same amount.

INDICTMENT – 45

109.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 112 | 10/2/2019 | Foremost check no. 1625062359 payable to "John Doe" in the amount of $22,765.90 mailed to "John Doe" into the State of Washington from Foremost outside the State of Washington | AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], ABDUL-SALAM, BAJAY |
| 113 | 10/14/2019 | Foremost check no. 1625163616 payable to "Rcch Trios Health LLC" in the amount of $1,195.71 (regarding medical services for Ahmad K. Bachay) mailed to "Rcch Trios Health LLCA" into the State of Washington from Foremost outside the State of Washington | AL-HIMRANI [-1], KAABAWI, BACHAY [-1], BACHAY [-2], ABDUL-SALAM, BAJAY |

All in violation of 18 U.S.C. § 1341.

COUNTS 114-115

(Mail Fraud)

*December 2, 2019, Staged Automobile Accident*

110.    Paragraphs 6, 16, 30, 33, 34-36, 39, and 41-49 of this Indictment are realleged and incorporated as though fully set forth herein.

INDICTMENT – 46

111.    On or about November 22, 2019, AL-KINANI purchased a 2007 Ford F-150 for $700 from an individual not named herein. According to a Washington Certificate of Title, dated October 6, 2019, the odometer reading was 282,000 miles.

112.    On or about December 1, 2019, BAJAY, AL-KINANI, and John Doe scouted a location to stage an automobile accident and discussed that both vehicles could not be in AL-KINANI's name.

113.    On or about December 1, 2019, BAJAY suggested putting one vehicle in AL-KINANI's name and asked him to call his friend (not named herein) to determine if he would put the other vehicle in his name and share the profits.

114.    On or about December 1, 2019, YASEEN sold a 2006 Cadillac STS to an individual not named herein for $1,200.

115.    On or about December 2, 2019, at approximately 4:42 p.m., an individual not named herein was reported as the registered owner of the 2006 Cadillac STS.

116.    On or about December 2, 2019, AL-KINANI submitted a Vehicle Title Application to the Washington State Department of Motor Vehicles office in Kennewick, Washington, for a 2007 Ford F-150 that he purchased for $700 from an individual not named herein. On or about December 2, 2019, at approximately 12:07 p.m., AL-KINANI was reported as the registered owner of the 2007 Ford F-150.

117.    On or about December 2, 2019, at approximately 1:28 p.m., AL-KINANI submitted an application to Country Mutual to insure the 2007 Ford F-150.

118.    On or about December 2, 2019, AL-KINANI told John Doe he needed pliers to pull a tooth.

119.    On or about December 2, 2019, the Ford F-150's odometer reading was 132,291 miles.

120.    On or about December 2, 2019, BAJAY, AL-KINANI, YASEEN, an individual not named herein, and John Doe, staged an automobile accident on Piert

INDICTMENT – 47

and Lechelt Roads in Finley, Washington. The staged accident involved BAJAY intentionally crashing a 2007 Ford F-150 truck, registered to AL-KINANI, into a 2006 Cadillac STS registered to an individual not named herein. AL-KINANI and John Doe subsequently filed fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss and property damage. As a result, Country Financial paid out approximately $22,160.28.

121.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | Approximate Mailing Date | Description | Defendants |
|---|---|---|---|
| 114 | 1/2/2020 | Country Financial check no. 9812538 payable to "Seifeddine Al-Kinani" in the amount of $5,470.42 mailed to "Seifeddine Al-Kinani" into the State of Washington from Country Financial outside the State of Washington | AL-KINANI, BAJAY |
| 115 | 1/29/2020 | Country Financial check no. 9830687 payable to an individual not named herein in the amount of $4,712.77 mailed to an individual not named herein into the State of Washington from Country Financial outside the State of Washington | AL-KINANI, BAJAY |

INDICTMENT – 48

All in violation of 18 U.S.C. § 1341.

COUNT 116

(Wire Fraud)

*December 2, 2019, Staged Automobile Accident*

122.    Paragraphs 6, 16, 30, 33, 34-36, 39, 41-49, and 111-120 of this Indictment are realleged and incorporated as though fully set forth herein.

123.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 116 | 12/27/2019 | Application for Benefits for "Seifeddine Al-Kinani" sent via facsimile from the State of Washington to Country Financial outside the State of Washington | AL-KINANI, BAJAY |

All in violation of 18 U.S.C. § 1343.

COUNTS 117-124

(Mail Fraud)

*April 8, 2020, Staged Automobile Accident*

124.    Paragraphs 13, 16, 17, 20, 32, 33-36, 39, 40, 42-47, and 49 of this Indictment are realleged and incorporated as though fully set forth herein.

125.    On or about April 2, 2020, AL-KINANI purchased Washington personal automobile insurance, including increased personal injury protection, for a 2012 Chevrolet Malibu.

INDICTMENT – 49

126.    On or about April 8, 2020, AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ, an unindicted co-conspirator (hereinafter, "UCC-4"), and others known and unknown to the grand jury staged an accident at the intersection of West 19th Avenue and South Olympia Street in Kennewick, Washington.  The staged accident involved MOHAMMED intentionally driving a 2008 Chevrolet Malibu, registered to UCC-4, into a 2012 Chevrolet Malibu.  As part of the staging, ABDUL-RAZAQ intentionally damaged the rear windshield of the 2012 Chevrolet Malibu by using a hard object.  After the initial impact, MOHAMMED reversed the 2008 Chevrolet Malibu and intentionally rammed it approximately two more times into the 2012 Chevrolet Malibu to cause further damage.  UCC-4 called the police and falsely reported an "accident" occurred and that UCC-4 was the driver of the 2008 Chevrolet Malibu when it struck the 2012 Chevrolet Malibu.  AL-KINANI falsely reported to the police that he had been the driver of the 2012 Chevrolet Malibu.  AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ, and UCC-4 subsequently filed fraudulent insurance claims in which they falsely represented that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident.  After the staged accident, AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ, and UCC-4 sent documents to the insurance company knowing they were false.  AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ, and UCC-4 caused Allstate to payout approximately $18,758.64.

127.    On or about the dates listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be delivered, through the United States Mail and commercial interstate mail carriers, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

INDICTMENT – 50

| COUNT | Approximate Mailing Date | Description | Defendants |
|-------|--------------------------|-------------|------------|
| 117 | 4/13/2020 | Allstate Letter to UCC-4 regarding Personal Injury Protection Claim 0583347489 mailed from outside the State of Washington to UCC-4 within the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 118 | 4/15/2020 | Allstate check no. 622808462 payable to RCCH Trios Health LLC in the amount of $424.00 (regarding medical services for UCC-4) mailed to RCCH Trios Health LLC into the State of Washington from Allstate outside the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 119 | 4/24/2020 | Allstate check no. 622812629 payable to Core Concepts PLLC in the amount of $140.00 (regarding medical services for UCC-4) mailed to Core Concepts PLLC into the State of Washington from Allstate outside the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 120 | 5/6/2020 | Allstate check no. 142241190 payable to Tri Cities Community Federal Credit Union (the lienholder on UCC-4's 2008 Chevrolet Malibu) in the amount of $2,069.66 mailed to Tri Cities Community Federal Credit Union into the State of Washington from Allstate | AL-KINANI, MOHAMMED, AL- DULAIMI, ABDUL-RAZAQ |

INDICTMENT – 51

| | | outside the State of Washington | |
|---|---|---|---|
| 121 | 5/6/2020 | Allstate check no. 142239340 payable to UCC-4 in the amount of $1,845.53 mailed to UCC-4 into the State of Washington from Allstate outside the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 122 | 5/24/2020 | Allstate Letter to "Khalil Abdul-Razaq" regarding Personal Injury Protection Claim 0583347489 mailed from outside the State of Washington to "Khalil Abdul-Razaq" within the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 123 | 6/15/2020 | Request for payment for medical services rendered to "Khalil Abdul-Razaq" regarding Claim No. 0583347489 mailed from within the State of Washington to Allstate outside the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |
| 124 | 6/16/2020 | Request for payment for medical services rendered to "Ameer Mohammed" regarding Claim No. 0583347489 mailed from within the State of Washington to Allstate outside the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |

All in violation of 18 U.S.C. § 1341.

INDICTMENT – 52

## COUNT 125

### (Wire Fraud)

*April 8, 2020, Staged Automobile Accident*

128.     Paragraphs 13, 16, 17, 20, 32, 33-36, 39, 40, 42-47, 49, 125, and 126 of this Indictment are realleged and incorporated as though fully set forth herein.

129.     On or about the date listed below, in the Eastern District of Washington and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, the Defendants identified below knowingly caused to be transmitted, in interstate commerce by means of wire communications certain signs, signals, and sounds, as follows:

| COUNT | Approximate Date | Description of Interstate Wire | Defendants |
|---|---|---|---|
| 125 | 5/4/2020 | Allstate payment to "Seifeddine Al-Kinani" in the amount of $4,736.32 sent electronically from outside the State of Washington to "Seifeddine Al-Kinani" within the State of Washington | AL-KINANI, MOHAMMED, AL-DULAIMI, ABDUL-RAZAQ |

All in violation of 18 U.S.C. § 1343.

## COUNT 126

### (Conspiracy to Commit Mail & Wire Fraud)

130.     Paragraphs 1 through 129 of this Indictment are realleged and incorporated as though fully set forth herein.

131.     Beginning on or about a date unknown to the Grand Jury, but no later than July 4, 2017, and continuing through on or about September 25, 2020, in the Eastern District of Washington and elsewhere, the Defendants, YASIR, SANCHEZ [-1], YASER [-1], YASER [-2], BACHAY [-1], BACHAY [-2], BACHAY [-3] BAJAY, AL-HIMRANI [-1], AL-KINANI, KARAWI, KAABAWI, AL-MAAREJ,

INDICTMENT – 53

ABDUL-SALAM, MOHAMMED, AL-HIMRANI [-2], AL-DULAIMI, ABDUL-RAZAQ, SANCHEZ [-2], HADI, YASEEN, AKRAWI, and unindicted co-conspirators UCC-1, UCC-2, UCC-3, and UCC-4, and other conspirators both known and unknown to the Grand jury, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury, to:

    (a)    knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud various insurance companies and to obtain money and property from insurance companies by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises, were false and fraudulent when made, and did knowingly cause to be delivered by mail matter by the United States Postal Service and by commercial interstate mail carriers, according to directions thereon, the purpose of executing and attempting to execute the scheme and artifice, in violation of 18 U.S.C. § 1341;

(b)    knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud various insurance companies and to obtain money and property from insurance companies by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises, were false and fraudulent when made, and did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures and sounds, for the purpose of executing and attempting to execute the scheme and artifice, in violation of 18 U.S.C. § 1343.

<u>Additional Manner and Means</u>

132.    On or about September 9, 2019, MOHAMMED, AL- HIMRANI [-2] and BAJAY staged an accident on East Ranch Road in Kennewick, Washington. The staged accident involved MOHAMMED purposely driving a 2013 Hyundai Sonata into a cement barrier. AL-HIMRANI [-2] and BAJAY subsequently filed, and caused to be filed, fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. AL- HIMRANI [-2] and BAJAY received settlement payouts totaling approximately $48,974.42 from National General.

133.    On or about December 18, 2019, YASIR, YASEEN and AL-DULAIMI staged an accident at the intersection of 7th Avenue and Morain Street in Kennewick, Washington. The staged accident involved AL-DULAIMI purposely driving a 2017 Chevrolet Impala registered to AL-DULAIMI into a 2017 Dodge Charger registered to YASEEN. YASIR, YASEEN and AL-DULAIMI subsequently filed, and caused to be filed, fraudulent insurance claims in which they falsely represented and adopted each other's false representations that, among other things, they were

INDICTMENT – 55

involved in an accident and suffered bodily injury, wage loss, and property damage as a result of the accident. YASIR, YASEEN and AL-DULAIMI received settlement payouts totaling approximately $24,662.60 from Liberty Mutual/Safeco and State Farm.

All in violation of 18 U.S.C. § 1349.

## COUNT 127

### (Conspiracy to Commit Health Care Fraud)

134.    Paragraphs 1-129 of this Indictment are realleged and incorporated as though fully set forth herein.

135.    Beginning on or about a date unknown to the Grand Jury, but no later than on July 4, 2017, and continuing through on or about September 25, 2020, in the Eastern District of Washington and elsewhere, the Defendants, YASIR, SANCHEZ [-1], YASER [-1], YASER [-2], BACHAY [-1], BACHAY [-2], BACHAY [-3], BAJAY, AL-HIMRANI [-1], KARAWI, AL-MAAREJ, KAABAWI, ABDUL-SALAM, MOHAMMED, AL-HIMRANI [-2], AL-KINANI, AL-DULAIMI, ABDUL-RAZAQ, SANCHEZ [-2], HADI, YASEEN, AKRAWI, and unindicted co-conspirators UCC-1, UCC-2, UCC-3, and UCC-4, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree together and with others known and unknown to the Grand Jury, to execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program as defined in 18 U.S.C. § 24(b), in connection with the delivery of an payment for healthcare benefits, items and services, all in violation of 18 U.S.C. §§ 1347, 1349.

COUNT 128

(Conspiracy to Obstruct an Official Proceeding)

GENERAL ALLEGATIONS

136.    Paragraphs 1, 4, 5, and 23 of this Indictment are realleged and incorporated as though fully set forth herein.

137.    The Federal Bureau of Investigation ("FBI") is a law enforcement agency within the executive branch of the United States Government.  The FBI has authority to investigate and enforce the criminal laws set forth in Title 18 of the United States Code.

138.    On or about February 15, 2019, the FBI opened an official investigation into allegations that several individuals were involved in a scheme to defraud insurance companies and obtain money and property by staging automobile accidents and filing false and fraudulent claims with insurance companies, in violation of the federal criminal laws.  The FBI investigation expanded to an investigation by a Federal grand jury empaneled in the Eastern District of Washington.  During this investigation, YASIR, SANCHEZ [-1], YASER [-1], YASER [-2], BACHAY [-1], BACHAY [-2], BACHAY [-3] BAJAY, AL-HIMRANI [-1], AL-KINANI, KARAWI, KAABAWI, AL-MAAREJ, ABDUL-SALAM, MOHAMMED, AL-HIMRANI [-2], AL-DULAIMI, ABDUL-RAZAQ, SANCHEZ [-2], HADI, YASEEN, AKRAWI, and other individuals not named herein, were identified as being involved in a scheme to defraud insurance companies out of money and property by staging automobile accidents and faking injuries.

139.    The lead case agent involved in the staged accident investigation is employed by the FBI as a "Special Agent" (identified hereinafter as "Special Agent M").  An FBI Special Agent is a law enforcement officer of the United States.  A Certified Language Specialist (identified hereinafter as "FBI Specialist H")

INDICTMENT – 57

employed by the FBI assisted in the ongoing investigation. FBI Specialist H is fluent in Arabic and English.

140.    As part of the investigation, the FBI used a confidential human source (hereinafter, "John Doe") who covertly recorded conversations with individuals suspected of being involved in the staged accident scheme. Beginning on or about June 22, 2018, and continuing up to the date of this indictment, John Doe provided information to the FBI regarding violations and suspected violations of the Federal criminal laws, including but not limited to, mail fraud, wire fraud and health care fraud, arising from staged automobile accidents. John Doe covertly recorded the individuals involved in two staged accidents on September 6, 2019, and December 2, 2019.

141.    On or about May 28, 2020, the FBI executed federal warrants in Washington and California to search the residences of YASER [-1], YASER [-2], YASIR, BACHAY [-1], BACHAY [-2], BAJAY, AL-MAAREJ, AL-HIMRANI [-1], AL-HIMRANI [-2], KAABAWI, SANCHEZ [-1], AL-KINANI, MOHAMMED, YASEEN for evidence of federal crimes, including mail and wire fraud, and health care fraud. FBI agents interviewed several of these individuals about the suspected staged accident scheme.

142.    On or about May 28, 2020, the FBI conducted a "ruse" search of John Doe's residence to protect John Doe's identity from the targets of the investigation.

143.    On or about May 31, 2020, YASER [-1] held a meeting at his residence. YASER [-1] warned John Doe and another individual not named herein to be careful of AL-KINANI because he suspected AL-KINANI was providing information to the FBI. YASER [-1] asked if anyone had seen the FBI meet with AL-KINANI. YASER [-1] asked John Doe when the FBI talked to him. YASER [-1] also inquired about MOHAMMED and why he left when the FBI went to his house.

INDICTMENT – 58

144.    On or about June 2, 2020, MOHAMMED met with John Doe and stated that someone was reporting to the FBI.

145.    On or about June 19, 2020, YASER [-1], YASIR, YASEEN, and an individual not named herein, met with John Doe. John Doe was questioned about the FBI search and was asked to show the documents the FBI left at John Doe's residence.

146.    At a date unknown but at least by on or about June 25, 2020, BACHAY [-1] contacted John Doe and asked John Doe why he did not want to show YASER [-1] the document the FBI left at John Doe's residence the day of the search warrants.

147.    On or about July 7, 2020, FBI Special Agent M and FBI Language Specialist H interviewed YASER [-2] in Kennewick, Washington.

148.    On or about July 11, 2020, YASER [-1] met with John Doe. YASER [-1] discussed his intention to have a meeting to discuss plans about how everyone was going to testify against AL-KINANI. YASER [-1] told John Doe that AL-KINANI was the person who was reporting to the FBI.

149.    On or about July 14, 2020, MOHAMMED met with John Doe. MOHAMMED discussed his FBI interview with John Doe.

150.    On or about July 14, 2020, YASER [-1], YASIR, AL-HIMRANI [-2], and John Doe met at YASER [-1]'s residence. YASIR stated if someone asked if "[John Doe] had an accident do you suspect it was made up or real. My standard answer is I do not know." YASER [-1] stated he would not stand still if others were trying to be witnesses against him. YASIR stated that two or three people were working with the FBI.

151.    On or about July 15, 2020, MOHAMMED and AL-HIMRANI [-2] met with John Doe. Both defendants asked John Doe why the FBI interviewed him and wanted to know what was discussed.

INDICTMENT – 59

152.    On or about July 27, 2020, AL-HIMRANI [-1] and BAJAY met with John Doe in Pasco, Washington. AL-HIMRANI [-1] told John Doe that he told his lawyer the most important thing was to find out who cooperated. AL-HIMRANI [-1] also told John Doe he told ABDUL-SALAM, "I swear to you on my father's soul, if I find out you [ABDUL-SALAM] had anything to do with this." BAJAY and AL-HIMRANI [-1] stated that ABDUL-SALAM is "in our plan."

153.    On or about August 20, 2020, YASER [-1] stated to John Doe that he learned that AL-KINANI visited John Doe on August 19, 2020. YASER [-1] admonished John Doe for not calling YASER [-1] when AL-KINANI visited John Doe. YASER [-1] told John Doe in sum and substance that he would have come over to John Doe's residence, closed the garage door, shut off the security system cameras, and "finished off" AL-KINANI. YASER [-1] expressed to John Doe "they would not have recognized his face from his foot." YASER [-1] encouraged John Doe to call AL-KINANI to convince him to meet with YASER [-1] at his residence.

154.    On or about August 24, 2020, YASER [-1] met with John Doe and discussed plans to file a false, fictitious, and fraudulent complaint against the FBI case agent and AL-KINANI and to persuade others to support his plan to make false allegations against AL-KINANI and the FBI case agent. YASER [-1] stated, "And when we make him [AL-KINANI] wear the handcuffs, we will be sending him away from the field, keep him on the sideline, right." YASER [-1] also stated, "After I screw him [AL-KINANI], a week later I would go to them [the FBI] again and say to them, Protect me. Protect my children. I need protection for myself and my children, and that Al-Mahdi Army militias are threatening my family in Iraq. I would put him in such a mess that he would never get out of."

155.    On or about August 25, 2020, YASER [-1], YASIR, and YASER [-2] met at YASER [-1]'s residence. YASER [-1], YASIR, and YASER [-2] discussed fabricating a story to communicate to the local police and the FBI in furtherance of

INDICTMENT – 60

their scheme to discredit AL-KINANI and the FBI case agent and to make them unavailable as witnesses. YASER [-1], YASIR, and YASER [-2] also wanted to have the FBI agent removed from the case.

156.     On or about August 25, 2020, YASER [-2] provided the FBI case agent's telephone number to YASER [-1].

157.     On or about August 25, 2020, YASER [-1] stated in sum and substance that "we will file a complaint with the police and the police will forward it to them [FBI]" and "[t]he police will turn it upside down on them, it won't take half an hour and it would reach them."

158.     On or about August 25, 2020, YASER [-1] and YASIR rehearsed and coached YASER [-2] on what to say if he was questioned about the May 28, 2019, accident. YASIR also instructed YASER [-2] to say, "what Americans say here," that is, YASER [-2] should respond, "I don't know."

159.     On or about August 25, 2020, YASER [-1] called the Kennewick Police Department ("KPD") and stated, "I need to talk something for the investigation or something, for some issue with me here, this scum guy is here in my backyard, told me something is wrong, I don't know, I … come your guy's or you're come in my house, I don't know . . . Son, talk to him straight, because he can't understand. My son, will help me for the language, please."

160.     On or about August 25, 2020, YASER [-2] stated to the KPD, "…, yeah, this is my Dad's son … so what he was saying, that he wanted to report, or make a report, at least to an officer, about some guys that came here and talked to him, and we weren't sure what it was about." YASER [-2] provided his telephone number to the KPD and requested an Arabic interpreter be available when KPD contacted YASER [-1].

161.     On or about August 31, 2020, during a telephonic interview with a KPD Officer and an Arabic interpreter, YASER [-1] falsely stated in sum and substance

that: (1) in the past week he met with AL-KINANI at approximately 5:00 p.m. in his backyard in the presence of AL-JIBORY, John Doe, and another individual he would not identify; and (2) AL-KINANI requested YASER [-1] pay $20,000 for the "FBI guy, Matt" and $2,000 for AL-KINANI so YASER [-1]'s "case" would be closed. YASER [-1] falsely stated to the KPD officer that AL-KINANI threatened YASER [-1] that he would go to prison for two years if he did not pay the money. YASER [-1] asked the KPD officer to provide him with the case number for his complaint.

162.    On or about September 14, 2020, YASER [-1] provided AL-JIBORY's and John Doe's telephone numbers to an FBI agent in Spokane, Washington.

163.    On or about October 10, 2020, BACHAY [-1] met with John Doe and other individuals in California. BACHAY [-1] admonished John Doe for having gatherings where the case was discussed. BACHAY [-1] told John Doe that he told him not to do that. BACHAY [-1] further told John Doe if he was in Tri-Cities, and people were talking like that, they would be hanging from poles.

164.    On or about December 21, 2020, BACHAY [-1], did use the threat of physical force against a person, by telling John Doe, an individual who was assisting the FBI in an ongoing investigation, that BACHAY [-1] would identify and kill a particular person's family in Iraq if that person (who was in the United States) was working with the FBI.

165.    On or about January 3, 2021, BACHAY [-1] telephoned John Doe and accused John Doe of carelessly discussing the staged accidents with other individuals in the Iraqi community. BACHAY [-1] verbally threatened John Doe stating that he would travel to Eastern Washington to kill John Doe and his family.

166.    On or about January 6, 2021, AL-HIMRANI [-1] told John Doe that AL-HIMRANI [-1] tasked the militia in Iraq to identify the Iraq address of a family member for a person in the United States AL-HIMRANI [-1] suspected of cooperating with the FBI.

INDICTMENT – 62

167.    Beginning on or about May 28, 2020, and continuing through on or about the date of this Indictment, in the Eastern District of Washington, and elsewhere, the Defendants, YASER [-1], YASIR, YASER [-2], BACHAY [-1], AL-HIMRANI [-1], and AL-JIBORY, did knowingly and intentionally conspire with each other and others known and unknown to the Grand Jury, to commit offenses in violation of 18 U.S.C. § 1512, specifically:

   (a)    to use the threat of physical force against any person, and attempt to do so, with the intent to hinder, delay and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of Federal offenses, including mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. § 1512(a)(2)(C);

   (b)    to corruptly persuade another person, and attempt to do so, with intent to influence, delay, and prevent the testimony of persons in an official proceeding, that is, a Federal Grand Jury proceeding and a foreseeable criminal proceeding before a judge and court of the United States, in violation of 18 U.S.C. § 1512(b)(1);

   (c)    to knowingly engage in misleading conduct toward other persons, that is Federal Bureau of Investigation ("FBI") Special Agents, who are law enforcement officers of the United States, with the intention of hindering, delaying, and preventing the testimony of persons in an official proceeding, and with the intention of hindering, delaying, and preventing communication to these officers and a judge of the United States, of information relating to the commission and possible commission of Federal offenses, including mail fraud, wire fraud, health care fraud, in violation of 18 U.S.C. § 1512(b)(3); and

INDICTMENT – 63

(d)    to corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding, that is, a Federal grand jury proceeding and a criminal proceeding before a judge and court of the United States, in violation of 18 U.S.C. § 1512(c)(2).

All in violation of 18 U.S.C. § 1512(k).

## COUNT 129
### (Tampering with a Witness)

168.    Paragraphs 1, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

169.    On or about May 28, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did use the threat of physical force against a person, and attempt to do so, by telling John Doe, an individual who was assisting the FBI in an ongoing investigation, that if a person is working with the FBI, YASER [-1] will contact someone in Iraq and a person's mother will be harmed in Iraq, with the intent to hinder, delay and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of Federal offenses, including mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. § 1512(a)(2)(C).

## COUNT 130
### (Tampering with a Witness)

170.    Paragraphs 4, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

171.    On or about July 23, 2020, in the Eastern District of Washington, the Defendant, BACHAY [-1], did use the threat of physical force against a person, and attempt to do so, by telling John Doe, an individual who was assisting the FBI in an ongoing investigation, that if BACHAY [-1] found out who was working with the FBI, BACHAY [-1] would kill that person or persons, with the intent to hinder, delay

INDICTMENT – 64

and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of Federal offenses, including mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. § 1512(a)(2)(C).

### COUNT 131
### (Tampering with a Witness)

172.    Paragraphs 5, 137, 138 and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

173.    On or about July 27, 2020, in the Eastern District of Washington, the Defendant, AL-HIMRANI [-1], did use the threat of physical force against a person, and attempt to do so, by telling John Doe, an individual who was assisting the FBI in an ongoing investigation, that AL-HIMRANI [-1] told another person that if he was working for the FBI, the Defendant, AL-HIMRANI [-1], knew where his family lives in Iraq, with the intent to hinder, delay and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of Federal offenses, including mail fraud, wire fraud, and health care fraud, in violation of 18 U.S.C. § 1512(a)(2)(C).

### COUNT 132
### (Attempted Tampering with Evidence)

174.    Paragraphs 1, 16, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

175.    On or about August 22, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did knowingly and corruptly attempt to conceal an object, specifically, by requesting John Doe to send YASER [-1] an audio-recording of a conversation between AL-KINANI and John Doe and telling John Doe "the recording, you know, will not go to the government," with intent to impair the object's integrity and availability for use in an official proceeding, that is, a Federal

INDICTMENT – 65

grand jury proceeding and a criminal proceeding before a judge and court of the United States, in violation of 18 U.S.C. § 1512(c)(1).

## COUNT 133

### (Tampering with a Witness)

176.    Paragraphs 1, 16, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

177.    On or about August 24, 2020, in the Eastern District of Washington, Defendant, YASER [-1], did knowingly attempt to corruptly persuade another person, John Doe, an individual who was assisting the FBI in an ongoing investigation, with intent to influence, delay and prevent the testimony of a person whom YASER [-1] believed was cooperating and would testify in an official proceeding, that is, a Federal grand jury proceeding and a criminal proceeding before a judge and a court of the United States, by attempting to persuade John Doe to be one of three witnesses against AL-KINANI and the FBI case agent and to corroborate his fabricated public corruption story about AL-KINANI soliciting a $2,000 bribe for himself and a $20,000 bribe for the FBI "case manager" and asking John Doe to provide him with the FBI case manager's "name, phone number and rank," in violation of 18 U.S.C. § 1512(b)(1).

## COUNT 134

### (Attempted Obstruction of an Official Proceeding)

178.    Paragraphs 1, 16, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

179.    On or about August 24, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did corruptly attempt to obstruct, influence and impede an official proceeding that is, a Federal grand jury proceeding and a criminal proceeding before a judge and court of the United States, by attempting to persuade John Doe to falsely accuse Al-KINANI of soliciting a bribe from YASER [-1] in an

INDICTMENT – 66

attempt to discredit AL-KINANI as a witness and make him unavailable as a witness in any proceedings, in violation of 18 U.S.C. § 1512(c)(2).

## COUNT 135

### (Attempted Tampering with Evidence)

180.     Paragraphs 1, 16, 137, 138, and 140 of this Indictment are realleged and incorporated as though fully set forth herein.

181.     On or about August 24, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did corruptly attempt to alter an object, specifically, a recording of a conversation between AL-KINANI and John Doe, with intent to impair the object's integrity and availability for use in an official proceeding, that is, a Federal grand jury proceeding and a criminal proceeding before a judge and court of the United States, to wit:

YASER [-1]:  You have to copy this recording for me.  You know why?  I pick out from it, in my recorder … I want to record his words.  There are words I want to pick out.  So, If I am at a spot, I will play them to the police. I would say when he came to me here, I became afraid and thought he must have something bad, and I was afraid of him, and I put the recorder for him. If it was for me [unintelligible] screw them.

John Doe:  Oh yes, they don't know where the recording was done.

YASER [-1]:  Really?

John Doe:  No, they don't know.

YASER [-1]:  In that case, I must pick out his voice alone.

John Doe:  Yes, yes.  That's it Hajji.

YASER [-1]:  That is my job, you don't have to worry about it.

John Doe:  [unintelligible] [overlapping voices]

INDICTMENT – 67

YASER [-1]:  I and you would sit here all night and pick the words that we want and store them aside, just in case.

John Doe:  When I am done, I would call you.

YASER [-1]:  Need an evidence that he did come here?  This is his voice.

All in violation of 18 U.S.C. § 1512(c)(1).

### COUNT 136

(False Statements in a Matter within the Jurisdiction of the Executive Branch)

182.    Paragraphs 1, 16, and 140 of the Indictment are realleged and incorporated herein as though set forth fully herein.

183.    On or about September 4, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States, namely, the FBI, a department and agency of the United States, in that he did represent and state in sum and substance to an FBI Special Agent and FBI Certified Arabic Language Specialist during a recorded interview that: on or about August 24, 2020, at approximately 5:10 p.m., in the presence of three other witnesses, YASER [-1] met with AL-KINANI in the backyard of his residence and AL-KINANI offered YASER [-1] a deal to close the case and investigation against YASER [-1] in exchange for a $22,000 bribe payment ($20,000 to the FBI agent(s) and $2,000 to AL-KINANI); whereas in truth and in fact, as YASER [-1] well knew, the statements and representations were materially false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001(a)(2).

### COUNT 137

(False Statements in a Matter within the Jurisdiction of the Executive Branch)

INDICTMENT – 68

184.    Paragraphs 1, 16, 23, and 140 of the Indictment are realleged and incorporated herein as though set forth fully herein.

185.    On or about September 14, 2020, in the Eastern District of Washington, the Defendant, YASER [-1], did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States, namely, the FBI, a department and agency of the United States, in that he did represent and state in sum and substance to an FBI Special Agent and an FBI Certified Arabic Language Specialist during a recorded interview that: AL-KINANI met with YASER [-1] in the backyard at his residence and, in the presence of friends (including AL-JIBORY), offered YASER [-1] a "deal" for the FBI to close the case and investigation against YASER [-1] and make it go away in exchange for a $22,000 bribe and illegal payment ($20,000 to the FBI agents and $2,000 to AL-KINANI); when in truth and in fact, as YASER [-1] well knew, the statements and representations were materially false, fictitious and fraudulent when made, in violation of 18 U.S.C. § 1001(a)(2).

COUNT 138

(False Statements in a Matter within the Jurisdiction of the Executive Branch)

186.    Paragraphs 1, 16, 23, and 140 of the Indictment are realleged and incorporated herein as though set forth fully herein.

187.    On or about September 16, 2020, in the Eastern District of Washington, the Defendant, AL-JIBORY, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations regarding matters within the jurisdiction of the executive branch of the Government of the United States, namely, the FBI, a department and agency of the United States, in that he did represent and state in sum and substance to an FBI Special Agent and FBI Language Specialist during a recorded interview that: (1) on or about August 24, 2020, at approximately

INDICTMENT – 69

5:10 p.m., John Doe came to YASER [-1]'s residence with AL-KINANI; (2) AL-KINANI tried to make a deal with YASER [-1] that involved paying money to the FBI; (3) the FBI wanted money to take care of the case; (4) AL-JIBORY was present at YASER [-1]'s residence and witnessed AL-KINANI orally soliciting approximately a $20,000 payment from YASER [-1]; (5) an additional person was present who witnessed the conversation but that person did not want to be identified; and (6) AL-KINANI stated if YASER [-1] paid money to the FBI, then YASER [-1]'s "case would be gone;" when in truth and in fact, as AL-JIBORY well knew, the statements and representations were materially false, fictitious, and fraudulent when made, in violation of 18 U.S.C. § 1001(a)(2).

NOTICE OF CRIMINAL FORFEITURE ALLEGATIONS

The Introductory Allegations contained in paragraphs 1 – 32; the General Allegations contained in paragraphs 33 - 50; and, the Mail Fraud, Wire Fraud, Conspiracy to Commit Mail Fraud and Wire Fraud, and Conspiracy to Commit Health Care Fraud violations charged in this Indictment, are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures.

<u>MAIL FRAUD</u>

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Mail Fraud, in violation of 18 U.S.C. § 1341, 2, as set forth in this Indictment, Defendants, ALI ABED YASER, (a/k/a "Abu Hasanain"), HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi"), INSAF A. KARAWI, HASANEIN A. YASER, AHMAD K. BACHAY, (a/k/a "Muthalath"),(a/k/a "Humayad"), MASHAEL A. BACHAY, MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), HUSSEIN K. BACHAY, NOOR TAHSEEN AL-MAAREJ, ALI F. AL-HIMRANI, RANA J. KAABAWI, AMAR F. ABDUL-SALAM, AMEER R. MOHAMMED, MARIA ELENA SANCHEZ, SEIFEDDINE A. AL-KINANI, ABDULLAH AL-DULAIMI, FIRAS S. HADI, FAROOQ S. YASEEN, KHALIL ABDUL-RAZAQ, and JESUS

INDICTMENT – 70

GEORGE SANCHEZ, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to the following:

DEFENDANT ALI ABED YASER, (a/k/a "Abu Hasanain") Counts 58 – 96

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi") Counts 14 – 20, 38 – 53,

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT INSAF A. KARAWI, Counts 58 – 96

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT HASANEIN A. YASER, Counts 58 – 96

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT AHMAD K. BACHAY, (a/k/a "Muthalath", a/k/a "Humayad"), Counts 38 – 53, 54 – 57, 112 – 113

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT MASHAEL A. BACHAY, Counts 112 – 113

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), Counts 23 – 28, 112 – 113, 114 – 115

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT HUSSEIN K. BACHAY, Counts 23 – 28, 38 – 53

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT NOOR TAHSEEN AL-MAAREJ, Counts 23 – 28

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT ALI F. AL-HIMRANI, Counts 23 – 28, 112 – 113

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT RANA J. KAABAWI, Counts 23 – 28, 112 – 113

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT AMAR F. ABDUL-SALAM, Counts 38 – 53, 112 – 113

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT AMEER R. MOHAMMED, Counts 58 – 96, 117 – 124

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

INDICTMENT – 72

DEFENDANT MARIA ELENA SANCHEZ, Counts 14 – 20, 29 – 31

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT SEIFEDDINE A. AL-KINANI, Counts 58 – 96, 114 – 115, 117 – 124

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT ABDULLAH AL-DULAIMI, Counts 117 – 124

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT FIRAS S. HADI, Counts 38 – 53

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT FAROOQ S. YASEEN, Counts 38 – 53

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT KHALIL ABDUL-RAZAQ, Counts 117 – 124

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

DEFENDANT JESUS GEORGE SANCHEZ, Counts 29 – 31

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the mail fraud offense(s)

INDICTMENT – 73

WIRE FRAUD

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Wire Fraud, in violation of 18 U.S.C. § 1343, as set forth in this Indictment, Defendants, ALI ABED YASER, (a/k/a "Abu Hasanain"), HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi"), INSAF A. KARAWI, HASANEIN A. YASER, AHMAD K. BACHAY, (a/k/a "Muthalath"),(a/k/a "Humayad"), MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), HUSSEIN K. BACHAY, NOOR TAHSEEN AL-MAAREJ, ALI F. AL-HIMRANI, RANA J. KAABAWI, AMAR F. ABDUL-SALAM, AMEER R. MOHAMMED, MARIA ELENA SANCHEZ, SEIFEDDINE A. AL-KINANI, ABDULLAH AL-DULAIMI, FIRAS S. HADI, FAROOQ S. YASEEN, KHALIL ABDUL-RAZAQ, and JESUS GEORGE SANCHEZ, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to the following:

DEFENDANT ALI ABED YASER, (a/k/a "Abu Hasanain") Counts 97 – 111

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi") Counts 1 – 13, 54 – 57

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT INSAF A. KARAWI, Counts 97 – 111

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

INDICTMENT – 74

DEFENDANT HASANEIN A. YASER, Counts 97 – 111

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT AHMAD K. BACHAY, (a/k/a "Muthalath"), Counts 54 – 57

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), Counts 21 – 22, 116

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT HUSSEIN K. BACHAY, Counts 21 – 22, 54 – 57

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT NOOR TAHSEEN AL-MAAREJ, Counts 21 – 22

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT ALI F. AL-HIMRANI, Counts 21 – 22

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT RANA J. KAABAWI, Counts 21 – 22

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT AMAR F. ABDUL-SALAM, Counts 54 – 57**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT AMEER R. MOHAMMED, Counts 97 – 111, 125**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT MARIA ELENA SANCHEZ, Counts 1 – 13, 32 – 37**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT SEIFEDDINE A. AL-KINANI, Counts 97 – 111, 116, 125**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT ABDULLAH AL-DULAIMI, Count 125**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT FIRAS S. HADI, Counts 54 – 57**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

**DEFENDANT FAROOQ S. YASEEN, Counts 54 – 57**

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

//

DEFENDANT KHALIL ABDUL-RAZAQ, Count 125

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

DEFENDANT JESUS GEORGE SANCHEZ, Counts 32 – 37

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendant as a result of the wire fraud offense(s)

## CONSPIRACY TO COMMIT MAIL FRAUD AND WIRE FRAUD

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of Conspiracy to Commit Mail Fraud and Wire Fraud, in violation of 18 U.S.C. §§ 1341, 1343, 1346, as set forth in this Indictment, Defendants, ALI ABED YASER, (a/k/a "Abu Hasanain"), HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi"), INSAF A. KARAWI, HASANEIN A. YASER, AHMAD K. BACHAY, (a/k/a "Muthalath"),(a/k/a "Humayad"), MASHAEL A. BACHAY, MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), HUSSEIN K. BACHAY, NOOR TAHSEEN AL-MAAREJ, ALI F. AL-HIMRANI, RANA J. KAABAWI, AMAR F. ABDUL-SALAM, AMEER R. MOHAMMED, MOHAMMED F. AL-HIMRANI, MARIA ELENA SANCHEZ, SEIFEDDINE A. AL-KINANI, ABDULLAH AL-DULAIMI, FIRAS S. HADI, FAROOQ S. YASEEN, KHALIL ABDUL-RAZAQ, JESUS GEORGE SANCHEZ, and SINAN AKRAWI, shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

The property to be forfeited includes, but is not limited to the following:

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendants as a result of the Conspiracy to Commit Mail Fraud and Wire Fraud offense

//

DEFENDANT ALI ABED YASER, (a/k/a "Abu Hasanain")

> $4,273.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi")

> $20,107.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT MOHAMMED F. AL-HIMRANI

> $11,500.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT AHMAD K. BACHAY

> $3,197.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT MASHAEL A. BACHAY

> $3,197.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT FIRAS S. HADI

> $1,600.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

## CONSPIRACY TO COMMIT HEALTH CARE FRAUD

Pursuant to 18 U.S.C. § 982(a)(7), upon conviction of Conspiracy to Commit Healthcare Fraud, in violation of 18 U.S.C. §§ 1347, 1349, as set forth in in this

Indictment, Defendants, ALI ABED YASER, (a/k/a "Abu Hasanain"), HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi"), INSAF A. KARAWI, HASANEIN A. YASER, AHMAD K. BACHAY, (a/k/a "Muthalath"),(a/k/a "Humayad"), MASHAEL A. BACHAY, MOHAMMAD BAJAY, (a/k/a "Abu Jabbar"), HUSSEIN K. BACHAY, NOOR TAHSEEN AL-MAAREJ, ALI F. AL-HIMRANI, RANA J. KAABAWI, AMAR F. ABDUL-SALAM, AMEER R. MOHAMMED, MOHAMMED F. AL-HIMRANI, MARIA ELENA SANCHEZ, SEIFEDDINE A. AL-KINANI, ABDULLAH AL-DULAIMI, FIRAS S. HADI, FAROOQ S. YASEEN, KHALIL ABDUL-RAZAQ, JESUS GEORGE SANCHEZ, and SINAN AKRAWI shall forfeit to the United States of America, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

The property to be forfeited includes, but is not limited to the following:

> A sum of money in United States currency, representing the total amount of proceeds obtained by the Defendants as a result of the Conspiracy to Commit Healthcare Fraud offense.

DEFENDANT ALI ABED YASER, (a/k/a "Abu Hasanain")

> $4,273.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT HUSSEIN A. YASIR, (a/k/a "Abu Fakrhi")

> $20,107.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

DEFENDANT MOHAMMED F. AL-HIMRANI

> $11,500.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

**DEFENDANT AHMAD K. BACHAY**

> $3,197.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

**DEFENDANT MASHAEL A. BACHAY**

> $3,197.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

**DEFENDANT FIRAS S. HADI**

> $1,600.00 U.S. currency seized by the Federal Bureau of Investigation, pursuant to the execution of a federal search and seizure warrant on or about May 28, 2020.

With regard to substitute assets, if any property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the Defendant(s):

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the forfeitable property described herein, all pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

With regard to healthcare fraud allegations, if any property subject for forfeiture pursuant to 18 U.S.C. § 982(a)(7), as a result of any act or omission of the Defendant(s):

INDICTMENT – 80

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the forfeitable property described herein, all pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c).

DATED this 7th day of December, 2021.

A TRUE BILL

_____
Vanessa R. Waldref
United States Attorney

_____
George J.C. Jacobs III
Assistant United States Attorney

_____
Dominique Juliet Park
Assistant United States Attorney

INDICTMENT – 81