FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALI ABED YASER (01),<br>HUSSEIN A. YASER (02),<br>INSAF A. KARAWI (03),<br>HASANEIN A. YASER (04),<br>AHMAD K. BACHAY (05),<br>MASHAEL A. BACHAY (06),<br>MOHAMMED BAJAY (07),<br>HUSSAIN K. BACHAY (08),<br>NOOR TAHSEEN AL-MAAREJ (09),<br>ALI F. AL-HIMRANI (10),<br>RANA J. KAABAWI (11),<br>AMAR F. ABDUL-SALAM (12),<br>AMEER R. MOHAMMED (13),<br>MOHAMMED F. AL-HIMRANI (14),<br>MARIA ELENA SANCHEZ (15),<br>SEIFEDDINE AL-KINANI (16),<br>ABDULLAH AL-DULAIMI (17),<br>FIRAS S. HADI (18),<br>FAROOQ S. YASEEN (19),<br>KHALIL ABDUL-RAZAQ (20),<br>JESUS GEORGE SANCHEZ (21),<br>SINAN AKRAWI (22), and<br>MOHAMMED NAJI AL-JIBORY (23),<br><br>Defendants. | No. 4:21-CR-06042-MKD<br><br>PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN<br><br>**ECF Nos. 252, 253** |

PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN - 1

Before the Court are the United States' Unopposed Motion for Protective Order, ECF No. 252, and related Motion to Expedite, ECF No. 253. The United States asserts that the voluminous discovery in this case makes redaction of sensitive documents impractical. The United States further asserts that redaction of sensitive documents would burden defense counsel's ability to read and understand the discovery materials. Accordingly, the United States moves the Court for a protective order to properly protect the sensitive information contained in the discovery materials in this case. Defendants do not object to the motion. The Court, having reviewed the motions and the docket, is fully informed. This Order supplements the previous Protective Order entered by the Court in this case, ECF No. 176.

**IT IS ORDERED:**

1. The United States' Motion to Expedite **(ECF No. 253)**, is **GRANTED**.

2. The United States' Unopposed Motion for Protective Order (**ECF No. 252**) is **GRANTED**.

3. The United States is authorized to disclose Discovery in its possession and personal information material (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

4. Government personnel and counsel for Defendants shall not provide, or make available, the Discovery to any person except as specified in this Order or by approval from this Court. Therefore, defense counsel and the Government shall restrict access to the Discovery, and shall only disclose the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

5. Third parties contracted by the United States or defense counsel to provide expert analysis or testimony may possess and inspect the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of this Order.

6. Discovery in this matter will be made available to defense counsel via access to a case file on USA File Exchange and defense-provided external hard drives due to the volume of material. If necessary, to review discovery with the client, defense counsel may download the Discovery and duplicate only once. Discovery materials may not be left in the possession of the Defendant. In order to provide Discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, defense counsel may duplicate the Discovery only once. No

other copies shall be made, by defense counsel, the Defendant or the third-party, without prior approval from this Court.

7. To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including his client, outside of counsel's office, defense counsel shall ensure that any and all sensitive and confidential information is redacted or removed.

8. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendants, that obtains access to the Discovery is provided a copy of this Order. No other party that obtains access to or possession of the Discovery shall retain such access or possession unless authorized by this Order, nor further disseminate the Discovery except as authorized by this Order. Any other party that obtains access to, or possession of, the Discovery shall promptly destroy or return the Discovery once access to or possession of Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than counsel for the United States, counsel for Defendants, or the Defendants.

9. All counsel of record, including counsel for the United States, shall keep a list to identify each person to whom the Discovery is disclosed and who was advised of the requirements of this Order. Neither counsel for each of the

Defendants, nor the counsel for the United States, shall be required to disclose this list of persons unless ordered to do so by the Court.

10. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

11. Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Order.

12. This Order shall apply to the United States and to all defense counsel of record who represent a Defendant who has been arraigned in this matter at the time of this Order. For any Defendant not yet arraigned, this Order shall apply to such Defendant and that Defendant's counsel of record upon arraignment. If such counsel object to this Order, they may bring their objection to the Court's attention by motion.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S.

Marshals Service.

DATED January 31, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE