UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ALI ABED YASER (01),<br>HUSSEIN A. YASER (02),<br>INSAF A. KARAWI (03),<br>HASANEIN A. YASER (04),<br>AHMAD K. BACHAY (05),<br>MASHAEL A. BACHAY (06),<br>MOHAMMED BAJAY (07),<br>HUSSAIN K. BACHAY (08),<br>NOOR TAHSEEN AL-MAAREJ (09),<br>ALI F. AL-HIMRANI (10),<br>RANA J. KAABAWI (11),<br>AMAR F. ABDUL-SALAM (12),<br>AMEER R. MOHAMMED (13),<br>MOHAMMED F. AL-HIMRANI (14),<br>MARIA ELENA SANCHEZ (15),<br>SEIFEDDINE AL-KINANI (16),<br>ABDULLAH AL-DULAIMI (17),<br>FIRAS S. HADI (18),<br>FAROOQ S. YASEEN (19),<br>KHALIL ABDUL-RAZAQ (20),<br>JESUS GEORGE SANCHEZ (21),<br>SINAN AKRAWI (22), and<br>MOHAMMED NAJI AL-JIBORY (23),<br><br>        Defendants. | No. 4:21-CR-06042-MKD<br><br>ORDER APPOINTING JOHN C. ELLIS, JR. AS COORDINATING DISCOVERY ATTORNEY<br><br>**ECF No. 383** |

ORDER APPOINTING JOHN C. ELLIS, JR. AS COORDINATING
DISCOVERY ATTORNEY - 1

Before the Court is Defendant Hussein A. Yaser's (02) Motion to Appoint a Coordinating Discovery Attorney, ECF No. 383. This case was declared complex on January 18, 2022. ECF No. 249. Defense counsel states that, according to the United States, discovery disclosures to date contain approximately 137,000 pages of PDF files, approximately 73 hours of audio and video recordings, 14 terabytes of electronically stored data, and 1.8 terabytes of pole camera footage. ECF No. 385 at 1-2. The Court has reviewed the record and is fully informed. The Court finds that a coordinating discovery attorney is warranted in this multi-defendant complex criminal case that involves a vast amount of discovery, including multiple terabytes of electronically stored information.

Defense counsel moves the Court to appoint John C. Ellis, Jr. as the Coordinating Discovery Attorney in this case. Mr. Ellis is an attorney in San Diego, California, and one of five Coordinating Discovery Attorneys for the Defender Services Office of the Administrative Office of the United States Courts. ECF Nos. 384, 385. His background includes 13 years at the Federal Defenders of San Diego, Inc., with extensive experience working on complex federal cases. ECF No. 384. No counsel of record object to Mr. Ellis' appointment.

Accordingly, **IT IS ORDERED:**

1. John C. Ellis, Jr. is appointed as the Coordinating Discovery Attorney in this case.

2. The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all Defendants. The Coordinating Discovery Attorney shall address discovery issues to avoid potential duplicative costs that would be incurred if defense counsel were to employ support services or staff to organize the discovery for each individual defendant. The Coordinating Discovery Attorney shall assess the most cost-effective and efficient manner in which to organize the discovery using methods that will benefit all Defendants. The Coordinating Discovery Attorney's responsibilities will include:

- Managing and, unless otherwise agreed upon with the United States, distributing discovery produced by the United States and relevant third-party information common to all Defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case; and

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information.

3. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the United States and not through the Coordinating Discovery Attorney.

4. Individual defendants may request direct discovery from the United States only after reviewing discovery provided by the Coordinating Discovery Attorney.

5. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and he therefore will not be establishing an attorney-client relationship with any defendant in this criminal case.

6. The Coordinating Discovery Attorney shall not provide subjective analysis that could cause conflict issues to arise between co-defendants.

7. The United States shall provide discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing discovery to defense counsel, any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel. The Coordinating Discovery Attorney shall not redact or omit any discovery. The Court strongly recommends that the Coordinating Discovery Attorney use a secure server to disseminate discovery in this matter. The Coordinating Discovery Attorney shall disseminate

discovery to all Defendants, regardless of whether a particular defendant has retained or court-appointed counsel.

8. The United States shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner. The Court will require the United States, the Coordinating Discovery Attorney, Lead Defense Counsel, and the Supervising CJA Attorney, Darrel Gardner, to meet and confer within **one month** of this Order.

9. The Coordinating Discovery Attorney shall petition this Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work was as previously agreed. However, the Coordinating Discovery Attorney's time and the time spent by his staff will be paid by the Defender Services Office of the Administrative Office of the United States Courts. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

10. Defense counsel may still require support staff services depending upon the particular needs of their case. However, prior to petitioning the Court for any support staff funds, defense counsel must first confer with the Coordinating Discovery Attorney to determine whether such services are already being addressed or could be addressed in whole or in part. Any motion for support services should include an accompanying declaration that counsel has conferred

with the Coordinating Discovery Attorney and the Supervising CJA Attorney, Darrel Gardner.

11. The Coordinating Discovery Attorney shall prepare and file, *ex parte*, a proposed budget within **one month** from the date of this Order. The Coordinating Discovery Attorney shall provide this Court with periodic *ex parte* status reports depicting the status of work and, if any third-party services are used, whether those third-party services remain within the budget authorized by the Court.

12. **IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to the United States, all defense counsel, the Coordinating Discovery Attorney, and the Supervising CJA Attorney, Darrel Gardner.

DATED February 24, 2022.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE