The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FAROOQ YASEEN,<br><br>    Defendant. | No. MJ23-020 SKV<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR DETENTION<br><br>Detention Hearing:<br>January 19, 2023, at 3:30 p.m. |

## I. Introduction

Defendant, Farooq Yaseen, by undersigned counsel, submits the following response in opposition to the government's motion to detain Mr. Yaseen pending the transfer of his case from the Western District of Washington to the Eastern District of Washington for trial. See Dkt. No. 4. For the reasons set forth below, the Court should order that Mr. Yaseen be released pending his transfer and should impose conditions of release that will both protect the community and ensure his presence at future court dates.

## II. Facts

A. Mr. Yaseen's background

Mr. Yaseen is 33 years old. He was born in Iraq and lived there until 2013, when he fled to Turkey after a militia in Iraq threatened his and his family's life. The militia responsible for

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

these threats had previously killed Mr. Yaseen's father due to his Syrian heritage and Sunni faith (both shared by his family). Mr. Yaseen lived in Turkey for three year before coming to the United States as a refugee in 2016. Upon arriving in the United States Mr. Yaseen resided with his brother, Mohammed Yaseen, in the Tri-Cities in the Eastern District of Washington. (His brother fled Iraq for similar reasons but was able to make it to the United States about a year earlier than Mr. Yaseen.) Mr. Yaseen stayed with his brother for almost two years before moving out on his own. He lived and worked in the Tri-Cities from 2016 to late 2020, when he moved to California to pursue better employment opportunities. Mr. Yaseen briefly returned to Iraq in early 2021 to get married to a woman he had known since childhood, and then went to Turkey later in 2021 to see his wife, who had left Iraq hopefully on the way to the United States.

Mr. Yaseen became a legal permanent resident of the United States around 2017. He has filed a petition for his wife to come join him. It remains his hope this will still happen but acknowledges that the instant case against him complicates the situation.

The indictment in this case was returned in December of 2021, while Mr. Yaseen was already in Turkey. He did not travel to Turkey to evade indictment. Mr. Yaseen's indictment created significant uncertainty regarding his future. Both he and his wife were dealing with medical issues during 2022. His wife lost a baby and Mr. Yaseen was undergoing treatment related to an old injury to his neck (from being assaulted) and related surgery.

Mr. Yaseen retained undersigned counsel in May of 2022 to begin addressing the charges against him. Counsel reached out to George Jacobs, the Assistant United States Attorney prosecuting the case in the Eastern District, and filed a notice of appearance in the underlying case in late May. In August, counsel emailed AUSA Jacobs to let him know that Mr. Yaseen was planning to travel to the United States in September and provided the flight information (from

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

Istanbul to Seattle). Prior to Mr. Yaseen's scheduled flight he had to change his plan, and counsel notified AUSA Jacobs accordingly.

Mr. Yaseen was eventually able to purchase a new ticket to fly into Seattle from Istanbul. On January 13, 2023 counsel informed AUSA Jacobs that Mr. Yaseen was planning to travel to Seattle on January 16, 2023 and again forwarded Mr. Yaseen's flight information to AUSA Jacobs. See Exhibit 1 (email). As expected, Mr. Yaseen was arrested upon his arrival at SeaTac airport. Law enforcement seized his passport, cellphone and luggage. Mr. Yaseen made his initial appearance the following day.

Mr. Yaseen has no criminal history whatsoever. He likewise has no history of violence and has never used or possessed firearms.

B. <u>Charges</u>

Mr. Yaseen is Defendant # 19 of 23 in an indictment charging, essentially, a scheme to defraud insurance companies by staging automobile accidents. Regarding Mr. Yaseen, the indictment alleges that he participated in two such accidents, wherein he was a passenger in the vehicle that was purported struck by another vehicle, and later filed insurance claims. See Indictment, WAED case no. CR21-6042 MKD at 24, 55. While the indictment contains allegations against other defendants of obstructing justice and tampering with witnesses and evidence, there are no such allegations against Mr. Yaseen. Nor does the indictment contain any facts suggesting that Mr. Yaseen was a high-level participant or planner of the scheme.

C. <u>Release plan</u>

The defense proposes that Mr. Yaseen be released to reside with his brother, Mohammed Yaseen, in Kennewick, Washington. Mr. Yaseen previously lived with Mohammed for almost two years. Mohammed lives in a home with his wife and children and has offered Mr. Yaseen a

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

place to stay for as long as he needs. This is an appropriate residence. Mohammed has no criminal history, no dangerous animals, and no firearms. Mr. Yaseen would be residing near the courthouse where his case is pending, in Richland, Washington. He is eligible to work and plans to secure employment as soon as he is able.

### III. Law and Argument

Application of the standards set forth in the Bail Reform Act to the facts of this case compels a conclusion that the Court should release Mr. Yaseen pending trial in this matter.

#### A. Legal Standards

The presumption of release set forth in 18 U.S.C. § 3142(b) and (c) applies to this case, as none of the potential factors that can reverse the presumption of release to a presumption of detention apply to this case. See Government Motion for Detention, Dkt. 4 at 2-3. As such, the Court must release Mr. Yaseen "subject to the least restrictive further condition, or combination of conditions, that … will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1).

The government has the burden of proof on the issue of risk of flight and must do so by a clear preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406-07 (9th Cir. 1985). As to the issue of dangerousness, the Government must prove, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(f)(2).

"Only in rare circumstances should release be denied." Motamedi, 767 F.2d at 1405. The Court must resolve any doubts regarding propriety of release in favor of the defendant. Herzog v. United States, 75 S. Ct. 349, 351 (1955).

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(Farooq Yaseen; No. MJ23-020 SKV) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

B. <u>The Court should order Mr. Yaseen's release based on an application of the factors outlined in 18 U.S.C. § 3142(g) to this case.</u>

18 U.S.C. § 3142(g) sets forth the following factors for the Court to consider in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In this case the government has not alleged that Mr. Yaseen should be detained on the basis that he poses a danger to the community and has not alleged that Mr. Yaseen poses a serious risk of obstructing justice. <u>See</u> Gov't Response, Dkt. No. 4 at 2. As such, the only potential basis for detention in this case would be if Mr. Yaseen posed a risk of flight that could not be ameliorated by conditions set by the Court. Because the government cannot establish by a clear preponderance of the evidence that Mr. Yaseen poses such a threat, the Court should order his release.

  **1.  The nature and circumstances of the offense**

This factor supports release. Mr. Yaseen has been charged with participating in an insurance fraud scam. While the defense does not yet have access to the discovery in this case, it does not appear from the detailed indictment that Mr. Yaseen had an aggravating role in the alleged activities. It also does not appear that the loss amount potentially attributable to him will be massive. While of course any criminal charge is serious, this is not the type of charge that would potentially or likely result in the type of sentence associated with controlled substance, sex, or violent offenses. This is especially true given that Mr. Yaseen has no criminal history whatsoever. Finally, the indictment does not allege any facts against Mr. Yaseen relating to

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 5

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

obstruction of justice or tampering with witnesses or evidence, and there is no evidence to suggest that Mr. Yaseen would engage in that type of conduct.

### 2. The weight of the evidence against the defendant

As noted, the defense does not have access to the discovery materials in this case. As such the defense is not in a position to offer comment on the weight of the evidence other than to note that the Court is required to ascribe the least weight to the strength of the evidence, among the various factors, when considering whether to release a defendant. <u>Motamedi</u>, 767 F.2d at 1408.

### 3. Defendant's history and characteristics

This factor weighs in favor of Mr. Yaseen's release. Mr. Yaseen has no criminal history, no history of violence, and has never possessed firearms. The government has not alleged that he poses a danger to the community, and he does not. The only question here is whether Mr. Yaseen poses a risk of flight that cannot be ameliorated by conditions the Court could impose. The facts do not support such a finding.

Almost all aspects of Mr. Yaseen's background support release. While Mr. Yaseen is not a United States citizen, he has lived in the United States for most of the last seven years. He left Iraq as a refugee and cannot realistically return there to live, due to ongoing militia activity that resulted in the death of his father and death threats to him and his family. Mr. Yaseen has been a legal permanent resident of the United States since 2017. He was recently married, and while his wife is currently in Turkey, he is trying to bring her to the United States. Mr. Yaseen has close connections to the Tri-Cities community, where he lived for most of his time in the United States before briefly relocating to California for work. Mr. Yaseen is eligible to work in the United States and plans to seek employment as soon as he is able. He has a history of gainful employment. Mr. Yaseen has never used illegal drugs, and only drinks alcohol socially, on

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

weekends. The defense is proposing that Mr. Yaseen be released to reside with his brother, who is married, has children, and is an upstanding citizen. Mr. Yaseen previously lived with his brother for almost two years and is welcome to stay as long as he needs to while he addresses the charges in this case.

The government will likely point to the delay between when the indictment was filed and when Mr. Yaseen appeared in court as a basis to find that he is a risk of flight. But the facts do not bear this out. First, Mr. Yaseen never fled from prosecution. He had already left the country by the time the indictment was filed. It is true that he did not return immediately, but he did return voluntarily, knowing full well what would happen upon his return. The defense notified the government about Mr. Yaseen's travel plans and provided the specific flight information. Mr. Yaseen was arrested as soon as he landed at SeaTac airport. Mr. Yaseen traveled here to face the charges, despite knowing all the potential consequences. If this does not demonstrate that he is not planning to flee, it is hard to imagine what could. In any event, and more precisely, Mr. Yaseen's choice absolutely undercuts a finding by a clear preponderance of the evidence that Mr. Yaseen poses a flight risk that cannot be ameliorated by conditions.

The defense anticipates that, if the Court releases Mr. Yaseen, the Court will require him to live with his brother, secure employment, turn over travel documents (which are currently in the possession of the government), and be supervised by the probation office. While the defense does not believe that location monitoring is necessary, we would not object to such a condition if the Court finds it necessary. These conditions would be sufficient to address any concerns about a potential risk of flight, and their availability further undercuts a potential finding by a clear preponderance of the evidence that Mr. Yaseen must be detained as a flight risk.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 7

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

**4. The nature and seriousness of the danger to any person or the community that would be posed by defendant's release**

This factor weighs in favor of release. The government has not alleged that Mr. Yaseen would pose a danger to the community if released, and there is no basis to believe that he would.

**IV. Conclusion**

Based on the foregoing, the Court should find that the government has not established by a clear preponderance of the evidence that Mr. Yaseen poses a risk of flight, should order Mr. Yaseen's release pursuant to 18 U.S.C. 3142(c), and should craft a release order establishing appropriate conditions of release.

Respectfully submitted this 19th day of January, 2023.

BLACK & ASKEROV, PLLC

Christopher Black
Attorney for Farooq Yaseen
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone:     206.623.1604
Fax:         206.658.2401
Email:      chris@blacklawseattle.com

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR DETENTION
(*Farooq Yaseen*; No. MJ23-020 SKV) - 8

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

# Exhibit 1

| | |
|---|---|
| **Subject:** | Farooq Yaseen |
| **From:** | "Chris Black" <chris@blacklawseattle.com> |
| **Sent:** | 1/13/2023 4:29:24 PM |
| **To:** | "Jacobs, George J. (USAWAE)" <George.J.C.Jacobs@usdoj.gov>; |

Hi George,

I hope you've been well. I am writing to let you know that Mr. Yaseen will be flying into Seattle on Monday evening. His flight information is below. I have held off on notifying you until now due to the prior false starts. I hope that everything goes as expected and that we can proceed with Mr. Yaseen's case. If so, I'm sure we'll talk soon. Thanks.

Chris

---

**FAROOQ YASEEN**

Trip Locator: **73JDYF**

**Flight: Monday, 16 January 2023** — Airline Reference: VTYDMW
Antalya (AYT) to Istanbul (IST)

Turkish Airlines

TK2411

| Depart | Arrive | |
|---|---|---|
| Antalya Airport<br>Antalya, TR<br>Monday, 16 January 2023<br>**12:00 PM**<br>Terminal D | Istanbul Airport<br>Istanbul, TR<br>Monday, 16 January 2023<br>**1:25 PM** | Status: **Confirmed**<br>Cabin Class: **Y-Economy Class**<br>Duration: **1h 25m**<br>Miles Flown: **300**<br>Aircraft: **789**<br>Meal Service: **Snack Or Brunch** |

| Passenger(s) | Seat | Requested Services |
|---|---|---|
| FAROOQ YASEEN | -- | NONE |

**Flight: Monday, 16 January 2023** — Airline Reference: VTYDMW
Istanbul (IST) to Seattle/Tacoma (SEA)

Turkish Airlines

TK0203

| Depart | Arrive | |
|---|---|---|
| Istanbul Airport<br>Istanbul, TR<br>Monday, 16 January 2023<br>**3:35 PM** | Seattle/Tacoma Int'l Airport<br>Seattle/Tacoma, WA, US<br>Monday, 16 January 2023<br>**5:00 PM** | Status: **Confirmed**<br>Cabin Class: **Q-Economy Class**<br>Duration: **12h 25m**<br>Miles Flown: **6077**<br>Aircraft: **789**<br>Meal Service: **Meal** |

| Passenger(s) | Seat | Requested Services |
|---|---|---|
| FAROOQ YASEEN | -- | NONE |

### Tuesday, 21 November 2023 — Miscellaneous
Description: **THANK YOU FOR THE BUSINESS**  Cost:
Confirmation: **12345**
Remarks:

### Tuesday, 21 November 2023 — Miscellaneous
Description: **THANK YOU FOR THE BUSINESS**  Cost:
Confirmation: **12345**
Remarks:

### Ticketing Information

| Issue Date | Passenger Name | Transaction Type | Document Number | Invoice Number | Amount | Currency |
|---|---|---|---|---|---|---|
| 26DEC | YASEEN/FAROOQ | Electronic Ticket | 2357809479987 | | 720 | USD |

### ▼ Baggage Information

**ADULT PASSENGERS (1)**
**AYT>SEA**
   Turkish Airlines - Antalya Airport, Antalya, TR - Seattle/Tacoma Int'l Airport, Seattle/Tacoma, WA, US
   **Baggage Allowance Information**
      Baggage Allowance: 2 Piece Plan