FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FAROOQ S. YASEEN,<br><br>　　　　　Defendant. | No. 4:21-CR-06042-MKD-19<br><br>ORDER FOLLOWING INITIAL APPEARANCE AND ARRAIGNMENT AND SETTING DETENTION HEARING |

　　On Thursday, March 9, 2023, Defendant made an initial appearance and was arraigned based on the Indictment (ECF No. 1). Defendant was represented by retained counsel Christopher R. Black and assisted by federal court-certified interpreter Hasanain Alsabea. Assistant United States Attorney George Jacobs III represented the United States.

　　Defendant was advised of and acknowledged his rights.

　　The Court entered pleas of not guilty on Defendant's behalf.

　　Prior to the hearing, the United States filed a Motion for Detention (ECF No. 758), and, at the time of the hearing, Defendant requested a detention hearing be set on March 14, 2023.

ORDER - 1

Accordingly, **IT IS ORDERED:**

1. **A motion to reopen detention hearing is set before Judge Ekstrom in Richland, Washington, on Tuesday, March 14, 2023, at 10:00 AM.**

2. Pending the hearing, Defendant shall be detained in the custody of the United States Marshals Service and produced for the hearing.[1] To the extent practicable, Defendant shall be confined separately from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

3. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case.
http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

4. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the

---

[1] *See* 18 U.S.C. § 3142(f).

United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady*

include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

**IT IS SO ORDERED**.

DATED March 9, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE