UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAROOQ S YASEEN,<br><br>Defendant. | No. 4:21-CR-06042-MKD-19<br><br>ORDER GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 758** |

On Tuesday, March 14, 2023, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 758).[1] Defendant was represented by retained counsel Christopher Black and assisted by federal court-certified interpreter Amine El Fajiri. Assistant United States Attorney Frieda Zimmerman represented the United States.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 731), Government's Sealed Exhibits 1–3 (ECF No. 762),

---

[1] Although the Government filed a Motion for Detention in this matter, the Court noted during the hearing that Magistrate Judge S. Kate Vaughan for the Western District of Washington had already decided the issue of detention. *See* ECF 730-5. Therefore, the Court functionally treats this hearing as a Motion to Reopen Detention pursuant to 18 U.S.C. § 3142(f), thus avoiding the quagmire that would ensue if magistrate judges were to review one another's detention orders, absent the provisions of subsection (f).

ORDER - 1

Defendant's Response to Government's Motion for Detention (ECF No. 730-3), Judge Vaughan's Detention Order (ECF No. 730-5), and the arguments of counsel.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community").

Pursuant to 18 U.S.C. § 3142(g), this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the

Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

As a preliminary matter, the Court has determined that, while Defendant has made a prima facie showing of some new evidence to support consideration of this issue in the first instance, Defendant has ultimately failed to demonstrate the new information is material to the issue of detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §

3142(f).

The Government's Exhibits 1–3 constitute information that may not have been known to Defendant at the time of the previous hearing; however, they do not constitute information that has a material bearing on Defendant's risks of non-appearance and danger to the community. Judge Vaughan's prior Order cited several facts that led to that determination, including: Defendant's failure to appear for over a year (despite knowledge of the Indictment and two booked flights to SeaTac that he ultimately did not board), Defendant's "extensive recent international travel and multiple unreported trips to Mexico," and the allegations that Defendant made violent threats against a cooperating codefendant—as well as the codefendant's family.

This Court emphasizes Judge Vaughan's finding regarding Defendant's alleged threats to his codefendant's family because it is also the crux of the analysis here: the Government's Sealed Exhibits, summarize of the FBI's investigation into the threats made against a codefendant by Defendant and others. The Court finds compelling the fact that the Government considers this issue sufficiently serious to obligate the substantial sums of money necessary to extend witness relocation to the individual and their family.

Counsel for Defendant contended that the only evidence establishing the credibility of these threats was the word of the codefendant, and that the Court

should thus discredit said threats due to the codefendant's inherent self-interest in making such allegations. However, this argument is unpersuasive: cooperating witnesses and confidential informants are akin to scalpels—tools to be used by law enforcement in conducting investigations that can either help or hurt the Government's case—and there is always a risk that such an individual is acting in their own self-interest. However, what distinguishes this case is the additional information above. The United States Government is loathe to loosen its purse strings absent a compelling reason. Here, the FBI has determined that the threats made against the cooperating codefendant constitute such a reason because they are credible. This speaks volumes.

Therefore, the Court finds that the sum total of new information, does not lessen Defendant's risks of nonappearance and danger to the community, but rather increases it.

Accordingly, **IT IS ORDERED:**

1. The United States' Motion for Detention (**ECF No. 758**) is **GRANTED**.

2. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant

shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

  3. If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position.  This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

  4. If a party desires that another court review this order pursuant to 18

U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

5. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED March 17, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE